June, 1809.

ABBY
v.
GOODRICH.

---

## Asaph Abby *against* Jeremiah Goodrich.

MOTION for a new trial.

This was an action of trespass *quare clausum fregit*, brought originally before *Seth Overton*, Esq. a justice of the peace. The defendant pleaded title; whereupon the cause was removed to the county court, according to the provisions of the stat. tit. 165. c. 1. s. 18. and thence came by appeal to the superior court.

*A.* conveyed to *B.* with covenants of seisin and warranty, a piece of land containing thirteen acres, bounded north and south by undisputed limits, east by the land of *C.*, and west by that of *A.* In an action of trespass *quare clausum fregit*, brought by *B.* against *C.*, to which the defendant pleaded title, claiming that the dividing line between his land and that conveyed to the plaintiff was west of the *locus in quo*, *A.* was offered as a witness to disprove the defendant's claim, after a release from the covenants in his deed had been executed by the plaintiff to him: Held, that *A.* was an incompetent witness, being interested to establish the dividing line as far eastward as possible, and that the release did not restore his competency, as the covenants in his deed run with the land.

On the trial of this cause, it appeared that the controversy depended upon the *boundaries* of a piece of land, conveyed with covenants of seisin and warranty, by *Ebenezer White, David White*, and *Daniel White* to *Samuel Abby*, the plaintiff's father, who devised the same to the plaintiff. This piece of land, by the terms of the deed, contained thirteen acres, and was bounded *north* and *south* by undisputed limits, east by the defendant's land, and west by land of the grantors. The defendant contended, that the dividing line between his land and the plaintiff's was west, and the plaintiff that it was east, of the *locus in quo*. To disprove the defendant's claim, and support the plaintiff's, *Ebenezer* and *David White* were called as witnesses. The defendant objected to their admission, on the ground that by virtue of the covenants in their deed, they were interested in the event of the suit, and incompetent. An instrument was then produced, executed by the plaintiff, with all the formalities required in a conveyance of land, releasing and discharging " the said *Ebenezer* and *David*, and each of them, their, and each of their heirs, executors, and administrators, from the covenants and obligations entered into by them as aforesaid, jointly with the said *Daniel White*, in the said deed to the said *Samuel Abby*, and from all their covenants of seisin and warranty contained therein." The defendant insisted, that the witnesses offered were still incompetent ; and of that opinion were the court, and rejected their testimony.

A verdict being found for the defendant, the plaintiff moved for a new trial; and the court reserved the question for the consideration of the nine judges.

*Ingersoll*, in support of the motion, contended, that the verdict in this case could never be given in evidence in any action, to which the *Whites* should hereafter be parties.

*Daggett*, contra, stated, that the only question was, as to the operation of this release. He contended, that a deed of land in fee-simple is a covenant which runs with the land, and binds the parties *in infinitum;* that although *Abby* and his heirs would be bound by the release, yet the assigns of *Abby* would not be bound, and could, notwithstanding the release, have an action against the *Whites* and their heirs.

BY THE COURT. The question on this motion is, whether *Ebenezer* and *David White,* who, with *Daniel White,* conveyed to *Samuel Abby,* under whom the plaintiff claims, all the title and claim, which the plaintiff has in the land in dispute, by their joint deed, with covenants of warranty and seisin, are so interested in the event of this suit, that they cannot be admitted as witnesses on the part of the plaintiff, to testify concerning the metes and bounds and location of the lands by them conveyed in their deed, and the dividing line between their land and the plaintiff's, and between the plaintiff's and the defendant's; notwithstanding the plaintiff has executed to them an ample release of all his claim and demand on said covenants, by an instrument in writing, duly executed, acknowledged and recorded?

The deed from said *Ebenezer, David,* and *Daniel,* was a conveyance of thirteen acres, bounded east on the lands of the defendant, and west on the lands of the grantors. The witnesses offered are directly interested in fixing the dividing line as far eastward as possible on the land claimed by the defendant; because having sold only thirteen acres off the east end of the tract they owned, the farther to the east they can fix the line, and location of that part conveyed to *Abby,* the more land they will retain to themselves westward of it.

The release of the covenants does not, in any manner,

affect this interest. The plaintiff releases only his own claim on the covenants: The covenants run with the land: The release contains no quit-claim of title, and was not a subject of record.

That this suit is in trespass, and does not preclude another trial of the same matter in an action of disseisin, makes no difference. The witnesses are interested in the event of the suit, although the decision may not be final, and the parties may, in another suit, further controvert their claims.

New trial not to be granted.