CUNNINGHAM *vs.* KNIGHT.

An infant *feme covert* cannot bind herself by deed, so as to bar her right of dower.

Where, in a suit for the recovery of dower, a former owner of the land, who has conveyed the same, by warranty deed, to the person from whom the defendant derives his title, is introduced as a witness for the defendant, a release executed by the defendant to the witness is good and valid, and removes the objection to his competency on the ground that he will be liable over to his grantee, or to the defendant, in case of a recovery by the plaintiff in the suit for dower.

It is sufficient if, at the time of testifying, the witness is disinterested. It is not a question whether he may, by possibility, or in the course of events, become interested.

A covenant of warranty runs with the land, so long as it remains unbroken. When it is broken by an eviction of the purchaser, or his assignee, a right of action accrues to him to recover the consideration money, and interest. It then takes the character of a chose in action, and can be released by the covenantee, or his assignee.

Where, upon the purchase of land, a deed is executed by the vendor, and a mortgage upon the land purchased is executed by the purchaser, and both conveyances are acknowledged and recorded at the same time, the presumption is that they were executed simultaneously, and that the mortgage was intended to secure the purchase money, although given to a third person, instead of the vendor, by the direction of the latter.

Where the husband has only an instantaneous seisin of land—as where he takes a conveyance thereof and gives back a mortgage for the purchase money—the wife is not entitled to dower therein.

The section of the revised statutes declaring that, where lands are mortgaged by the husband previous to his marriage, his widow shall nevertheless be entitled to dower out of the lands mortgaged, as against every person except the mortgagee and those claiming under him, is not applicable to the case of a mortgage for the purchase money.

Where land is sold, and a mortgage for the purchase money is given by the purchaser to a third person, by the direction of the vendor, the latter is to be regarded in equity as the real mortgagee.

Distinction between an *exception*, and a *reservation*, in a deed.

IN EQUITY.    The bill in this cause was filed to recover dower in certain lands in Orange county.    It set forth that the plaintiff, on the 9th of November, 1814, was married to James Cunningham, who was then seised of the premises, consisting of about 100 acres; that on the 24th of May, 1815, she joined with her husband in a conveyance thereof to one James Smith,

Cunningham *v.* Knight.

the plaintiff being at that time an *infant ;* that her said husband died in 1832, leaving her entitled to her dower; and that the defendant was in possession and refused to assign her dower. The bill required an answer on oath from the defendant. The answer stated that on the 3d day of May, 1814, James Smith was the owner of the premises, subject to the right of one Peter Bush to have a conveyance of seven acres, under a contract between them, and that said James Cunningham made an agreement with Smith and Bush to purchase the whole premises for $3750, of which $2875 was to be paid to Smith for the ninety-three acres, and $875 to Bush for the seven acres; and that Cunningham should execute his bond and mortgage to Bush, for the benefit of the vendors, upon the lands so sold, and upon certain other lands, to secure the payment of the whole purchase money with interest, one year from that date; and that Smith should continue in the actual possession of the ninety-three acres until the payment of said sum of $2875, which possession should be in lieu of interest : that in pursuance of that agreement, Smith, on the 3d of May, 1814, executed a deed to Cunningham for the one hundred acres, and the latter executed a bond and mortgage to Bush to secure the whole $3750; that Smith remained in possession until May, 1815, when Cunningham, being unable to pay, reconveyed the premises to Smith by the deed dated 24th of May, 1815, which was executed by Cunningham and wife, and received by Smith and Bush, in satisfaction of the purchase money. The answer admitted the death of James Cunningham in 1832, and that the plaintiff had demanded her dower, but denied that she was entitled to any, and insisted that if she was entitled, her right was subject to the payment of the principal moneys mentioned in said mortgage with interest. The answer also admitted that the defendant was in possession of all except ten acres, claiming to hold under Smith by mesne conveyances, as a bona fide purchaser.

The proofs taken show 1st. A warranty deed from Smith to James Cunningham, dated May 2d, 1814, for the consideration of $5000, acknowledged the 3d, and recorded *the 5th of May, 1814, at 5 o'clock P. M.* 2d. A mortgage from James Cun-

Cunningham *v.* Knight.

ningham to Peter Bush, dated 3d of May, 1814, to secure $3750, covering the 100 acres in question and also 195 acres in addition, acknowledged the 3d and recorded *the 5th of May, 1814, at 5 o'clock P. M.* 3d. A certificate signed by James Cunningham, dated May 3d, 1815, by which he certifies that he will " transfer the land I bought of Mr. James Smith to him according to the last bargain agreed on by said Smith, Peter Bush and Abner Cunningham, and give at this time possession of all the land in my possession that I got of him the said Smith, and at or before ten days from this give possession of all the buildings on said possessions, to which I set my hand." 4th. A warranty deed from James Cunningham and wife of the 100 acres, " reserving and exempting seven acres from the southwesterly part of said piece of land this day conveyed by James Cunningham, the said party of the first part, to Wm. Bush," dated May 24th, 1815. 5th. A certificate of the clerk of Orange county, showing that the mortgage so given to Bush was discharged as to the 100 acres, excepting about eight acres, by his satisfaction piece acknowledged and filed on the 27th of January, 1816, and that the residue of said 100 acres was discharged in like manner, on the 6th of May, 1816, by a satisfaction piece acknowledged the 26th of April, 1816.

The defendant's counsel admits that the age of the plaintiff, her marriage, and the death of her said husband, are as stated in the bill. The defendant called as a witness Samuel Smith, a son of James Smith, who proved the agreement for the purchase of the 100 acres by Cunningham of Smith and Bush, substantially as stated in the answer; Cunningham agreeing to give the mortgage to secure the whole amount of the purchase money. The mortgage was given to Bush at the instigation of James Smith, who was father in law of Bush: the latter agreeing to give the former " obligations to secure him." James Smith remained in possession until the spring of 1815, when Cunningham being unable to pay, made a proposition to give up the property. Cunningham told James Smith " he would transfer the farm back to him again just as he had it before." James Smith said " he would think it over and let him know

what he would do." At a subsequent day the parties again met, when Cunningham agreed to convey the 93 acres back to Smith, to satisfy and pay $2875 of the mortgage given to Peter Bush, being the purchase money for that 93 acres. It was stated at every one of these meetings that no money had been paid by Cunningham for the land. At this last meeting Cunningham executed the certificate dated May 3d, 1815. This witness further testified, "I succeeded my father in the possession of the premises, and sold to David Webb, and Webb sold to William Knight."

*J. Wyman Jones,* for the plaintiff. I. The deed of conveyance from James Cunningham and the complainant, of the 24th of May, 1815, is inoperative and void as against the complainant. An infant *feme covert* cannot bind herself, by any deed or contract, either at law or in equity, except under the sanction of the court of chancery, or in cases provided for by the statute. (*Jones* v. *Todd,* 2 *J. J. Marsh.* 361. *Sandford* v. *McLean,* 3 *Paige,* 117, 121.) II. The proof offered by the defendant, that the mortgage to Peter Bush was given by James Cunningham to secure the purchase money of the land bought of James Smith, is inadmissible; and if admitted, is insufficient to establish the point. 1. The witness Samuel Smith is interested. A release from the defendant does not destroy his liability upon his covenant of warranty. 2. The testimony is introduced to contradict sealed instruments. (*Webb* v. *Rice,* 1 *Hill,* 608; *S. C.* 6 *Id.* 219. *Stevens* v. *Cooper,* 1 *John. Ch.* 429. 1 *Phil. Ev.* 564, *notes* 1429, 1434.) III. The conveyance of 24th of May, 1815, to James Smith, was not made to satisfy the mortgage to Peter Bush. 1. The testimony does not show any thing more than an *executory agreement* to this effect. 2. This mortgage was satisfied at two different times; as to a portion, 27th of January, 1816; and as to residue, 26th of April, 1816. IV. The complainant is entitled to her dower, notwithstanding the mortgage to Peter Bush, as against the defendant and all persons except Bush and those claiming under him. (1 *R. S.* 733, 1*st ed.* 740, § 4.) James Smith, under

Cunningham *v.* Knight.

whom the complainant claims, never was an equitable mortgagee. He took obligations of P. Bush for his share of the mortgage. V. This deed of 24th of May, 1815, reserves and excepts seven acres of this lot, which the defendant admits he is in possession of, but to which he sets up no title whatever; and the complainant's right to dower in this portion of the farm is therefore undisputed. VI. The two acres which the defendant denies that he is in possession of, is not a part of the seven acres reserved in the deed from the complainant to James Smith. VII. The complainant is entitled to damages for withholding her dower in the seven acres of which her husband died seised. (1 *R. S.* 734, 1*st* ed. 742, § 19. *Russell* v. *Austin,* 1 *Paige,* 194.) VIII. The complainant is entitled to costs. 1. The court of chancery has concurrent jurisdiction with courts of law, in suits for assignment of dower. (*Badgley* v. *Bruce & Halsey,* 4 *Paige,* 98. *Russell* v. *Austin,* 1 *Id.* 194.) 2. The complainant was unable to proceed at law, as she could not pay the costs of the former suit commenced without her knowledge or consent. (*Swain* v. *Perine,* 5 *John. Ch.* 488.)

*John W. Brown,* for the defendant. 1. James Cunningham, before his intermarriage with the complainant, having executed a mortgage for the whole of the purchase money, simultaneous with the execution of the deed to him by James Smith, until payment of the amount secured by the mortgage, he had no such seisin as would entitle the complainant to her dower. (*Stow* v. *Tift,* 15 *John. Rep.* 459. *Jackson* v. *Dewit,* 6 *Cowen,* 316. 4 *Kent's Com.* 44, 45.) 2. By the agreement, James Smith was to continue in the possession of the premises until Cunningham paid the purchase money. The mortgage to Peter Bush to secure the payment of the purchase money, coupled with Bush's interest in the premises, and the agreement that Smith should retain the possession, was to all intents and purposes a mortgage to James Smith. 3. James Cunningham obtained the possession for two or three weeks by a forcible entry, and in violation of the agreement. He therefore never was in the lawful or rightful possession of the property, and the con-

tract of sale was never consummated.　4. Peter Bush, the mortgagee, held the mortgage for the benefit of James Smith, who was in fact the real mortgagee.　Bush was present at, and a party to, the agreement by which the mortgaged premises were conveyed to James Smith in satisfaction of the mortgage debt. This conveyance operated as a release of the equity of redemption to James Smith, who was in fact the mortgagee.　5. James Smith having re-entered and resumed the possession as mortgagee or under the mortgagee, with a conveyance of James Cunningham's equity of redemption, (if he had any,) and the defendant William Knight deducing a regular title from James Smith, the complainant is not entitled to be endowed of the one third part of the premises until she pays, or offers to pay, a due proportion of the mortgage debt.　( *Van Dyne* v. *Thayer,* 19 *Wend.* 164; *S. C.* 12 *Id.* 234.　*Bell* v. *Mayor of New-York,* 10 *Paige,* 50, 67.　4 *Kent's Com.* 44, 45.　*Swain* v. *Perine,* 5 *John. Ch.* 482.)　6. The proof shows that James Cunningham, the husband of the complainant, never paid any part of the purchase money.　In equity, therefore, he never had any seisin or property in the premises in question.　7. The admissions and declarations of the husband are competent evidence in bar of the widow's claim for dower, as they would be in bar of her title as heir or grantee.　( *Van Dyne* v. *Thayer,* 14 *Wend. Rep.* 233.)

BARCULO, J.　There can be no doubt of the correctness of the position contained in the plaintiff's first point, that the deed of the 24th of May, 1815, having been executed by the plaintiff when an infant *feme covert,* does not bind or affect her, by virtue of such execution.　The first question to be considered, therefore, is whether the testimony of the witness Samuel Smith was inadmissible, on the ground of interest, as contended for by the plaintiff's counsel.　No objection was made before the examiner, to the testimony on this ground.　Notwithstanding that, however, a release from the defendant to the witness was executed.　But the counsel insists that the interest was of such a nature that it could not be released, and that, therefore, the

Cunningham v. Knight.

objection may be raised at the hearing. The fact upon which the objection rests is, that the witness conveyed the premises by warranty deed to David Webb, who in like manner conveyed to the defendant. From this fact it is argued that Webb is liable on his covenant to the defendant, and that the witness is liable over to Webb, in case the plaintiff should recover in this suit; and that the defendant's release cannot discharge the witness from his liability to Webb. The answer to this proposition is, that it is sufficient, if *at the time of testifying* the witness is disinterested ; and it is not a question, whether he may, by possibility, or in the course of events, become interested. I am also inclined to think that the release would be a defence of which Webb could avail himself in an action by the defendant. It is further contended that the covenant runs with the land, and that therefore the witness must be liable to any person who may at any time come in, as immediate grantee of the defendant, or by subsequent conveyances. To this objection the answer is, that the covenant runs with the land so long as it remains unbroken. When it is broken by an eviction of the purchaser or his assignee, a right of action accrues to him to recover the consideration money and interest. (*Kane* v. *Sanger*, 14 *John.* 89. *Withy* v. *Mumford*, 5 *Cowen*, 137.) It then takes the character of a chose in action, and can be released by the covenantee or his assignee. At the time of giving the release the defendant had a contingent right of action against the witness. If he should be evicted by the result of this suit, that right would become absolute, and would be forever discharged by this release. The covenant could never pass to any subsequent purchaser. If, however the recovery should be in favor of the defendant in this suit, then the witness would probably remain liable on his covenant, to subsequent owners : but that very liability would rather tend to interest him against the defendant, inasmuch as a recovery against the defendant, after the giving of the release, could not affect the witness injuriously, but would forever terminate his liability. This question has been twice decided in the supreme court of Connecticut. In the case of *Abby* v. *Goodrich*, (3 *Day*, 433,)

the court held that the interest could not be released. But in *Clark* v. *Johnson*, (5 *Day*, 373,) the precise point was determined in favor of the competency of the witness. The case of *Ford* v. *Walsworth*, (19 *Wend.* 334,) involved the same principle. In that case Beach conveyed to Rowley with covenants for quiet enjoyment : Rowley conveyed to the wife of the defendant. On the trial, the defendant offered Beach as a witness, who being objected to, the defendant executed a release. The circuit judge still rejected him. The supreme court held that the release was sufficient to remove the incompetency, and, on that and other grounds, ordered a new trial.

The testimony of Samuel Smith being admitted, I think it establishes, in connection with the documentary evidence, the fact, that the mortgage was given to Peter Bush for the purchase money, and that the reconveyance by Cunningham, on the 24th of May, 1815, was given and received in satisfaction of the mortgagee's debt, to the amount of $2875. The deed and mortgage being acknowledged and recorded at *the same time*, raise, of themselves, a presumption that they were simultaneous acts, and that the latter was given for the purchase money, although given to Bush instead of Smith. (*Kettle* v. *Van Dyck*, 1 *Sandf. Ch. Rep.* 76.) These facts raise the next question : whether James Cunningham had such a seisin of the premises as would entitle the plaintiff to her dower. Upon this point the authorities are full and conclusive. Kent in his commentaries, (4 *Kent*, 45,) lays down the rule thus : " If the mortgage was executed on a purchase before marriage, and the husband releases the equity after the marriage, the wife's right of dower is entirely gone : for it never attached, as the mortgage was executed immediately on receiving the purchaser's deed." The case of *Jackson* v. *Dewitt*, (6 *Cowen*, 316,) is precisely in point. There Bruyn conveyed to Depuy, and took back a mortgage for the purchase money. Depuy then married Catharine Bevier. Depuy afterwards reconveyed to Bruyn for the moneys due on the mortgage. Hixon, the lessor of the plaintiff, derived title by several mesne conveyances from Bruyn. After Depuy's death, dower was assigned to his widow by the surrogate. She

brought ejectment in the supreme court and recovered against Hixon. (17 *John.* 123.) Dewitt was in possession as her tenant. The court held that the widow was not entitled to dower; upon the ground that the husband had an instantaneous seisin only, and therefore the widow was never entitled to dower, and accordingly ordered judgment for the plaintiff. (*See also Stow* v. *Tifft,* 15 *John.* 458.) The case of *Jackson* v. *Dewitt* is not to be distinguished from the present. It is proper, however, to notice one or two other points taken by the plaintiff's counsel on the argument.

1. He contends that under the statute (1 *R. S.* 740, § 4,) the widow is entitled to dower as against every other person, except the mortgagee and his assigns; and that therefore the defendant, claiming under Smith, cannot avail himself of this defence, as the mortgage was given to Bush. That statute does not change the law, nor is it applicable to the case of a mortgage for the purchase money. I think, however, in equity, Smith must be regarded as the real mortgagee. The land was sold by him, and the mortgage, by his direction, taken and held by Bush. The property was reconveyed to Smith in satisfaction of the mortgage, and the mortgage cancelled on the strength of that conveyance. 2. It is contended that the defendant, in his answer, admits himself in possession of the whole 100 acres, while the deed to Smith conveys but 93 acres. But I find on examining the pleadings, that the bill charges that Cunningham conveyed to Smith, with certain *reservations,* the whole 100 acres. This the answer admits. The fact is thus established that the whole 100 acres were reconveyed to Smith with certain *reservations.* Now although when produced the deed shows an *exception* of seven acres, the plaintiff cannot avail herself of that discrepancy, as there is a material difference between an exception and a reservation. An *exception* is something taken out of that which is before granted, by which means it does not pass by the grant, but is severed from the estate granted. A *reservation* is something issuing out of the thing granted, and not a part of the thing granted. (*Cruise's Dig.* *tit.* 32, *Deed, ch.* 3) In Shepherd's Touchstone the distinction

HARVARD LAW SCHOOL LIBRARY

is thus made : " This [a reservation] doth differ from an exception, which is ever of part of the thing granted, and of a thing *in esse* at the time, but this is of a thing newly created or reserved out of a thing demised that was not *in esse* before ; so that this doth always reserve that which was not before, or abridge the tenure of that which was before." (*See also* 4 *Kent's Com.* 468.) The defendant has doubtless been drawn into the mistake of admitting more than he intended, and more than is true, by the want of precision in the language of the bill.

Again ; there is another fatal objection to this part of the plaintiff's argument. If the exception in the deed is considered it excepts seven acres " this day conveyed by James Cunningham to William Bush." The evidence in this case, I think, fully warrants the conclusion, that the conveyance of these seven acres to William Bush, of which this recital is evidence binding the plaintiff, (*Cowen & Hill's Notes*, 160,) was in satisfaction of that part of the mortgage moneys due to Peter Bush. In this view of the case the plaintiff could not be entitled to dower in the seven acres, whether they were in the defendant's possession or not.

Upon the whole, I think the plaintiff has failed to make out a case entitling her to dower, in any part of the premises. The bill must be dismissed with costs.

