## CHARLES C. FIELD *vs.* WILLARD SNELL.

The grantor of land with warranty is a competent witness for the grantee, in a real action against him to recover the land, upon being released by the grantee from all liability on his covenants; the grantee not having previously conveyed or incumbered the estate.

THIS was a writ of entry, for the recovery of a piece of land in North Bridgewater, to which the tenant pleaded *nu. disseizin* as to all the demanded premises northerly of a certain line running east seventeen and a half degrees north, and a disclaimer of all the premises south of that line.

At the trial, before *Fletcher*, J., in this court, it appeared,
that prior to August, 1826, one Forbes Field had for
twenty-six years owned the land on the northerly side of
the true line, and Daniel Field, on the southerly side; that
the demandant held through certain mesne conveyances the
estate of Daniel Field, and the tenant that of Forbes Field;
and that the demandant claimed by a line running east nine-
teen degrees and thirty-five minutes north.

The tenant, in support of his title, gave in evidence the
will of Forbes Field, in which he devised his land to Daniel
Field, Jr., and George Field, as tenants in common; a deed
by Daniel Field of his undivided half to one Churchill; a
deed of the same by Churchill to one William Ames; a di-
vision by mutual releases between William Ames and George
Field, by which Ames became seized in severalty of all the
land which was affected by the said line; a deed by William
Ames of his said land to one William C. Leonard; and a
deed of warranty of the same premises from William C.
Leonard to the tenant, by which the land was described as
bounded southerly by the said line running east seventeen
and a half degrees north.

The tenant, in order to prove that the true boundary line
ran east seventeen and a half degrees north, called William
C. Leonard, as a witness. The demandant objected to the
admissibility of the witness, on the ground that he was in-
terested in the event of the suit, in consequence of his having
conveyed the land, by the line aforesaid, with a covenant of
warranty. It was then proved by the tenant, that he had
released the witness from all the covenants contained in his
deed of warranty to the tenant; that the release had been
duly acknowledged and recorded in the registry of deeds,
with a note of reference to the record of Leonard's deed;
that the tenant had never made any conveyance of the land,
or created any incumbrance thereon; and that the same was
free from all incumbrances whatever.

The judge thereupon admitted Leonard as a competent
witness, and a verdict was found for the tenant. If the wit-

ness was properly admitted, the verdict is to stand; other. wise it is to be set aside and a new trial granted.

*T. G. Coffin,* for the plaintiff, cited Com. Dig. Covenant, (B.) 3; *Baylye* v. *Hughes,* Cro. Car. 137; *Middlemore* v. *Goodale,* Cro. Car. 503; *Webb* v. *Russell,* 3 T. R. 393; *Abby* v. *Goodrich,* 3 Day, 433; *Clark* v. *Johnson,* 5 Day, 373; *Twambly* v. *Henley,* 4 Mass. 441; *Smith* v. *Chambers,* 4 Esp. 164; *Jackson* v. *Hallenback,* 2 Johns. 394; *Swift* v. *Dean,* 6 Johns. 523; *Marquand* v. *Webb,* 16 Johns. 89; *Van Nuys* v. *Terhune,* 3 Johns. Ca. 82; *Adams* v. *Cuddy,* 13 Pick. 460.

*E. Ames,* for the defendant, cited *Bowman* v. *Whittemore,* 1 Mass. 242; *Leighton* v. *Perkins,* 2 N. H. 427; 1 Greenl. Ev. § 428; *Howard* v. *Chadbourne,* 5 Greenl. 15.

DEWEY, J.    The only question raised in the present case relates to the competency of William C. Leonard, as a wit-ness, in behalf of the tenant.

Leonard was the grantor of the premises in controversy, and conveyed the same to the tenant by a deed containing the covenant of warranty.  Such a covenant, of course, makes the witness directly interested in the event of the suit, unless the interest has been in some way removed.    This the tenant insists has been done by his giving Leonard a release from all the covenants contained in his deed to the tenant, which release has been duly acknowledged and recorded in the registry of deeds; and it is said, that such release, with the further fact that the tenant has never made any convey-ance of the land, or any part thereof, presents a case of a valid and effectual release to Leonard from all future liability, upon his covenant of warranty.

It seems that every thing has been done that could be done to discharge the witness from his liability, upon the covenant; and if such release does not render the witness competent, it is for the reason, that his interest is such a legal interest as cannot be reached by a release.    And it is supposed by the demandant to be of that character, by reason of its being a covenant running with the land, and passing to each suc-cessive grantee of the estate.

No question can arise as to the nature of this covenant.

Field *v.* Snell.

nor any doubt exist as to its being one of that class of cov-
enants that run with the land, which may be enforced by an
assignee in his own name. But all this may be true, and
yet the inquiry returns, whether this covenant cannot be dis-
charged by the party to whom it was made, while he holds in
his own right the entire interest conveyed, and in the same state
in which it was when conveyed. As such grantee, the party
to whom the covenant was made might release to his war-
rantor all the estate conveyed, and thus discharge the cov-
enant of warranty. He might convey any portion of the
land, or create a lien or charge upon it, or burden it with a
servitude by way of easement; and having the entire estate
liable thus to be incumbered by him, and being the lawful
owner of all the covenants connected with the grant to him,
it would seem to follow, that he might by a proper instru-
ment, duly executed and recorded, effectually release any
covenants in the deed from his grantor.

The objection, however, is, as before stated, that the cove-
nant of warranty is a covenant running with the land, which
passes to each subsequent grantee, in whom the right vests
accordingly to enforce such covenant against the warrantor.
This is doubtless true, when the land is conveyed to a third
person; such covenant remaining in full force and no event
having interposed to defeat or discharge it, or to release the
warrantor from any future liability thereon. But, certainly,
such covenant does not always pass to each subsequent
grantee. Suppose the case of an eviction of the first grantee
by a paramount title, and a payment thereupon by the war-
rantor of damages to his grantee, to the full amount of the
damages caused by his warranty : I take it as conceded, that
this payment would discharge the liability of the warrantor.
And yet the grantee may afterwards, in form, convey the
premises to some third person ; but such grantee would not
succeed to any right to enforce the covenant of warranty
made by the original grantor; and this not because the cov-
enant of warranty is not a covenant running with the land,
but for the reason, that in the particular case supposed the
covenant was discharged while in the hands of the first

grantee, and therefore could not pass to his assignee.  All that the second grantee takes is the right to all covenants running with the land, that have not been legally discharged, or become mere choses in action, in the name and right of some previous grantee.

But it is urged that there has been no legal discharge of this covenant of warranty in the present case.  It is difficult to perceive how more could have been done to give effect to this discharge of the covenant.  The release is in apt words, duly executed by the party, and acknowledged and placed upon the records of the registry of deeds, with appropriate references from the same to the original deed.  It is, however, insisted, that the registry of this release is of no effect, as it is not an instrument which is properly the subject of record in the books of the register of deeds.  This presents a point of more difficulty.  Treating the release as a mere release of an ordinary kind, or writing obligatory, it would not be a proper subject for record in the registry of deeds. But as a release of a covenant running with land, and attached to a deed already the subject of record, there are peculiar reasons why such a release might be held to be so closely connected with the conveyance of real estate, as to become a proper subject for record in the registry of deeds. If the release materially affects the title and interest in real estate, or any incidents therewith connected, then such instrument, thus qualifying or releasing an interest in the estate or in any covenants connected therewith, that might be the subject of sale and transfer, as incident to a conveyance of the land, would, by being duly recorded, give as effectual notice to a subsequent purchaser, as a release or quitclaim of some portion of the land, or of some undivided interest in the estate, or a grant of an easement in the same, of all which latter instruments the record would be effectual notice to a subsequent purchaser.  These considerations will have their proper weight, whenever a case arises upon such covenant of warranty, by an action instituted in favor of a purchaser, taking a conveyance after his grantor has executed such release, and after the release is recorded.  It

will in such case become necessary to decide the question, whether such release duly executed and recorded in the registry of deeds will effectually discharge the grantor from the covenant of warranty, as respects an assignee of the land taking the same subsequently. The present case does not require us to express any opinion upon that question.

The objection to the competency of Leonard as a witness is taken by the demandant. It assumes, as the ground of objection, that Leonard has a pecuniary interest in procuring a verdict in favor of Snell, the tenant. The sole inquiry then is, has Leonard any such interest? Will he in any way be benefited by a verdict in favor of the tenant? Now, it is quite obvious that upon the facts before us, Leonard had no such interest, but on the contrary, would be more effectually secured from all possibility of pecuniary responsibility by a verdict in favor of the demandant; Leonard holding this release from the tenant, a judgment in favor of Field, the demandant, would render the release entirely effectual to the witness. Suppose a recovery in the present action by Field, the effect of such recovery would be, that Field would acquire the title and the possession of the demanded premises by a judgment of this court, being the highest evidence of title. Such recovery and judgment in favor of Field ousts Snell, and thereby the course of warranty by Leonard to Snell is at once broken. The breach of this covenant has taken place, while Snell held the covenant, and he alone can recover damages for such breach. But all claim for such damages has been released by his release of the covenant to Leonard; and thus in the case supposed Leonard has the full benefit of his release. Indeed, it renders it wholly effectual. The covenant of warranty attached to Leonard's deed to Snell, after such breach, would not run with the land so as to pass to any subsequent grantee of the same. Nor could Snell, in such case, make any subsequent valid conveyance of the premises, if the verdict and judgment were in favor of Field. He would be disseized, and so could make no conveyance of the land, or transfer the covenant of warranty or other covenants running with the land.

43 *

It is quite obvious, therefore, that the witness, holding a release from Snell, discharging him from all liability upon his covenant in the deed to Snell, had no interest in obtaining a verdict in favor of Snell; for a recovery by Field would make his release from Snell entirely effectual in discharge of all future liability on his warranty, whatever might have been the rule of law, as to the general effect of a release of this covenant by a party holding a deed with covenant of warranty. Upon this ground, it is quite clear, that the witness was not interested adversely to the demandant, and the exception taken to his competency is untenable. As authorities sustaining these views, see *Cunningham* v. *Knight*, 1 Barb. 399, 405; *Clark* v. *Johnson*, 5 Day, 373; *Ford* v. *Wadsworth*, 19 Wend. 334.         *Judgment on the verdict.*