———o———

ANN FONTAINE, Plaintiff in Error *vs.* THE BOATMENS' SAVINGS INSTITUTION, Defendant in Error.

1. *Dower—Seizin of husband.*—Where the seizin of the husband is for a transitory instant only, as where the same act which gives him the estate also conveys it out of him, or where he is the mere conduit employed to pass the title to a third person, no right of dower attaches; and this principle also applies where the conveyance is effected by two deeds, provided they are delivered at the same time, because they take effect from delivery only.

2. *Conveyances—Execution—Acknowledgment—Delivery—Presumption.*—A deed is not generally executed until it is acknowledged, and till that takes place there is no presumption of delivery.

3. *Deeds—Consideration clause—Recital may be contradicted.*—The consideration clause in a deed has only the character and force of a receipt, and is always open to explanation or contradiction.

*Error to St. Louis Circuit Court.*

*Dryden & Dryden, and M. Kinealy,* for Plaintiff in Error.

I. Seizin in law of an estate of inheritance by the husband entitles the wife to dower. (1 Scrib. Dower, § 24, p. 251.)

It being admitted by the defendant, that at the date of the deed of 10th July, 1835, from Louis Provenchere and wife to Felix Fontaine, Provenchere was seized in fee of the ground demanded, that deed was sufficient in law to transfer a like estate and seizin of the premises in dispute to Fontaine the grantee. The seizin given by the deed was at least *prima facie* such as would entitle the wife of the grantee to dower.

Beneficial seizin for an instant entitles the widow to dower at common law. (1 Scrib. Dower, 266; Stanwood vs. Dunning, 14 Me., 290; Holbrook vs. Finney, 4 Mass., 567; Tevis vs. Steele, 4 Mon., 239; Griggs vs. Smith, 7 Hal., 22; Nash vs. Preston, 3 Cro. R., 190.)

II. It is however insisted by the defendant that Fontaine's seizin was merely transitory and not a beneficial seizin. Seizin is transitory where the same act or instrument which gives the grantee the estate conveys it away from him or deprives him of it.

If Fontaine's seizin was but transitory, as is insisted, it is matter of defense, and the burden of proving it, and of thus overturning the plaintiff's *prima facie* case, rests upon the defendant. (1 Washb. Real Prop., side p. 177, Sub. 10; Grant vs. Dodge, 43 Me., 489.)

III. The law raises no presumption of mere transitory seizin, in this case.

1st. A deed having been shown to have been delivered, in the absence of proof to the contrary the law presumes it to have been delivered on the day of its date. (Caldwell vs. Garner, 31 Mo., 134; 6 Peters, 124; 14 Pet., 322; 4 East., 477; 5 B. and Ald., 902.) Under this principle the deed to Fontaine was delivered one day before the delivery of the one from him, and therefore his seizin was neither transitory nor instantaneous.

2nd. *Prima facie* the deed to Fontaine was founded upon the consideration expressed in it; if it was founded upon the consideration expressed in it, then the two deeds were not parts of one and the same transaction, but were separate and distinct. (Moore vs. Rollins, 45 Me., 494; Gilliam vs. Moore, 4 Leigh, 32; Jackson vs. Dunsbaugh, 1 Johns. Cases, 95.)

IV. The deposition of Mrs. Fontaine was inadmissible because: 1st. It really proves nothing relevant save what stands admitted: 2d. It was offered for the purpose of showing that Fontaine, the husband, took the conveyance from Provenchere as a trustee. It is therefore an attempt to prove the existence of a trust created by express contract, concerning lands, by parol testimony. As no fraud, or fraudulent or other representations of Fontaine are alleged or proved, the trust, if any, is within the Statute of Frauds and parol evidence is inadmissible. (Brown Frauds, §§ 94, 95; Chiles vs. Woodson, 4 Bibb, 102; Stephens vs. Cooper, 1 John Ch., 429; Squire vs. Harder, 1 Paige, 494; Id., 562; Newton vs. Sly, 15 Mich., 391.)

*Lackland, Martin & Lackland*, for Defendant in Error.

I. Where the seizin of the husband is instantaneous, or he is a mere conduit through which to pass the title to accomplish an ulterior design, the wife is not entitled to dower. (Washb. Real Prop., vol. 1, p. 176; Crabb Real Prop., vol. 1, p. 161; Stanwood vs. Dunning, 14 Me., 290; Woolridge vs. Wilkins, 3 How. Miss., 369; Gully vs. Ray, 18 B. Monroe, 107; McCauley vs. Grimes, 2 Gill and J., 318; Mayberry vs. Bryen, 15 Peters, 39; Webster vs. Campbell, 1 Allen, 314; Pendleton vs. Pomeroy, 4 Allen, 510; Holbrook vs. Finney, 4 Mass., 565; Staw vs. Teft, 15 John., 458; Cunningham vs. Knight, 1 Barb., 399; Moore vs. Rollins, 45 Me., 493; Edmonston vs. Welsh, 27 Ala., 578; Gammon vs. Freeman, 31 Me., 343; Bullard vs. Bowens, 10 N. H., 500; Emmerson vs. Harris, 6 Met., 475; Derush vs. Brown, 8 Ham., 412; Moore vs. Esty, 5 N. H., 469; Small vs. Proctor, 15 Mass.,

495; Eslava vs. Lepetre, 21 Ala., 405; Edmonston vs. Montague, 14 Ala., 370; Smith vs. Addleman, 5 Blackf., 406.)

II. The seizin of the husband is transitory or instantaneous where the same act or transaction which gives him the estate conveys it out of him, or where he takes a conveyance in fee, and at the same time re-conveys in mortgage to secure the purchase money. (Greggs vs. Smith, 7 Halst., 22; Mayberry vs. Brien. 15 Pet., 21; Craft vs. Craft, 2 McCord, 54; Holbrook vs. Finney, 4 Mass., 556; Staw vs. Teft, 15 Johns., 458; Coats vs. Cheever, 1 Cow., 460.)

III. Where both instruments are executed at the same time, between the same parties, relative to the same subject matter, they both constitute the same transaction. It is immaterial that they bear different dates, provided they are delivered at the same time. (1 Washb. Real Prop., p. 179; McGowan vs. Smith, 44 Barb. 232; Reed vs. Morrison, 12 S. & R., 18; Cunningham vs. Knight, 1 Barb., 399; Staw vs. Teft, 15 Johns., 485; Moore vs. Rollins, 45 Me., 493; Adams vs. Hill, 9 Foster, N. H., 202.)

IV. The deed from Louis Provenchere and Catharine his wife to Felix Fontaine, bears date July 10, 1835. The deed from said Felix to Deronin, trustee of said Catharine, is dated July 11, 1835. Both deeds were acknowledged before the same officer July 11, 1835, and filed for record and recorded on the same page of the same book in the recorder's office on the date last aforesaid. In such case, the law presumes that both deeds were executed and delivered July 11, 1835, and constitute one transaction. (Cunningham vs. Knight, 1 Barb., 399; McGowan vs. Smith, 44 Barb., 232, and cases above cited.)

V. The title did not pass from Provenchere to Fontaine; nor from him to Deronin, until the deeds were delivered. The legal presumption is that they were not delivered until they were acknowledged. Both were acknowledged on the same day, before the same officer, and both filed for record on the same day upon which they were acknowledged. The record of a deed is *prima facie* evidence of its delivery. The

only evidence on this point, contained in the record, proves that both deeds were executed, delivered, and filed for record on the same day, and therefore make but one transaction, as they relate to the same property. (2 Washb. Real Prop., vol. 2, side p. 582, top p. 609, 610; Mayer vs. Hill, 13 Mo., 251; Pearce vs. Danforth, 13 Mo., 360.)

VI. We submit that the proper legal construction of the deeds above mentioned is, that Felix Fontaine was never beneficially seized of the premises described in the petition, or any part thereof, so as to entitle his wife to dower; but that the seizin was only instantaneous and transitory; that he was only used as a mere conduit to pass the title out of Louis Provenchere into Deronin in trust for the sole use of the wife of the said Louis, and the heirs of her body.

VII. The deposition of plaintiff and the statement of Babcock were competent evidence. Although it may be true that defendant is estopped from saying that said Felix was not seized of any estate whatever, it is permitted to show the nature or character of the seizin. It may be shown, even by parol proof, that he was only seized of an implied or resulting trust.

It is true the recital of the consideration of $2,000.00 in the deed from said Louis and wife to said Felix, may be conclusive for the purpose of passing the title from the grantors to the grantee; but it is not conclusive for any other purpose. As to the question whether the said Felix did in fact pay said Louis $2,000, or any other sum for the land, this recital is regarded as a mere receipt, which is only *prima facie* evidence and may be rebutted, contradicted or explained by oral testimony. Provenchere might have sued Fontaine, and, notwithstanding the recital in the deed that the money had been paid, he would have been allowed to prove it was still due and unpaid.

This court has repeatedly held, that the grantor in a deed conveying a fee simple absolute, acknowledging the receipt of the consideration, is not estopped from showing a different consideration than that mentioned in the deed; and it is dif-

ficult to see why the same privilege does not extend to the grantee. (Rabsuhl vs. Lack, 35 Mo., 316 ; Peacock's Administrator vs. Nelson, 50 Mo., 256 ; Farnum vs. Loomis, 2 Oregon, 29 ; Fenstonevs. Same, 2 Ohio, N. S., 415 ; Emerson vs. Harris, 6 Met., 475 ; Smith vs. Addleman, 5 Blackf., 406 ; Worsham vs. Callison, 49 Mo., 206.)

WAGNER, Judge, delivered the opinion of the court.

This was a suit for the assignment of dower under the statute. The petition averred that the plaintiff was the wife of Felix Fontaine, who died in 1849, and, that during the coverture the said Felix was seized in fee of the premises described, and that she was entitled to dower therein.

The answer denied that the said Felix was ever seized of such an estate in said premises as to entitle plaintiff, as his wife, to dower.

On the trial in the Circuit Court the defendant admitted that one Louis Provenchere was seized in fee of the premises on the 10th day of July, 1835. Plaintiff then read in evidence a deed executed by Provenchere and Catharine, his wife, dated July 10th, 1835, conveying the premises to Felix Fontaine, for the expressed consideration of $2,000. This deed was acknowledged before Hough, a justice of the peace, on the 11th day of July, 1835, and recorded on the same day.

Plaintiff further read in evidence, a deed executed by Felix Fontaine alone, conveying the premises to one Francois Deronin in trust, for the sole use of Catharine Provenchere, the wife of Louis, and the heirs of her body. The consideration in this deed was stated to be twenty-five dollars, and it was dated and acknowledged before the same officer, and recorded July 11, 1835. Defendant admitted that plaintiff was the wife of Felix Fontaine on the 11th day of July, 1835, and that he died in 1849, and that it claimed title by intermediate conveyances under Louis Provenchere.

Defendant then offered in evidence the deposition of plaintiff and the statement of Babcock, an examiner of titles, to both of which the plaintiff objected, but the court admitted

them and an exception was saved. The case was tried before the court sitting as a jury; and at the close of the testimony plaintiff requested the court to declare the law to be, that on the evidence and admissions in the cause, plaintiff was entitled to dower in the land described in the petition. This was refused, and on the application of the defendant the court gave the converse of the proposition, and instructed that under the evidence in the case, the plaintiff was not entitled to recover. The court gave three other instructions at the instance of the defendant, which were unquestionably subject to criticism, but they were needless and harmless, for by the first instruction the whole case was decided, and as the trial was before the court, they could not have misled its judgment. The question in the case, therefore, is whether the seizure of Fontaine, the plaintiff's husband, in the estate, was of such a beneficial interest as would entitle her to dower, or whether it was merely transitory? Perhaps no principle of the law is more firmly or thoroughly established than that where the seizin of the husband is for a transitory instant only, as where the same act which gives him the estate also conveys it out of him, or where he is the mere conduit employed to pass the title to a third person, no right of dower passes. (1 Scrib. Dow., 259.) To this principle may also be referred the well settled doctrine that where a deed for lands is executed, and simultaneously therewith the purchaser gives back a mortgage upon the same lands to secure any portion of the purchase money, he acquires, as against the holder of the mortgage, no such seizin as will entitle his wife to dower. The deed and mortgage, although in themselves separate and distinct instruments, nevertheless, under the circumstances are regarded as parts of the same contract. They take effect at the same time, and the giving of the deed upon the one part, and of the mortgage upon the other, is held to constitute but a single act, and to result in clothing the purchaser with the seizure for a transitory instant only. (Id. 261 and note 2.)

It is not even essential to the application of this rule that the two instruments should correspond in date, provided they are delivered at the same time, as they take effect from the time of delivery only. And it is competent to show by parol at what time the delivery was actually made. (Mayberry vs. Brien, 15 Pet., 21; Reed vs. Morrison, 12 S. & R., 18; 1 Washb. Real Prop., 178.) But wherever there is a beneficial seizin in the husband, no matter how short the time, it will be sufficient to clothe the wife with the right of dower. In Grant vs. Dodge, (43 Me., 489), the above rules were recognized, but it was said that if the tenant would defeat the demandant's claim of dower, the burden would be upon him to prove that the deed and mortgage relied on constituted one transaction. But in a subsequent case in the same court, (Moore vs. Rollins, 45 Me., 493), it was held that where one has received a deed of an estate and given back a mortgage of the same to secure the purchase money, if the deeds are of the same date, have the same attesting witnesses, and are acknowledged before the same magistrate, and the notes secured are of the same date with the mortgage, in the absence of all proof to the contrary, the deeds will be regarded as one and the same transaction. In the case of McGowan vs. Smith (44 Barb., 233), the following facts appear : The plaintiff was the widow of McGowan, and whilst he was her husband, he was seized of the premises described in the complaint; McGowan purchased the premises of Charles and Thomas Brady, by an article of agreement in writing, dated September 27, 1828, signed by all the parties. The Bradys were then in possession of the premises, under an agreement of purchase from James Wadsworth and others. An arrangement was made between the Bradys and McGowan to have Wadsworth and others convey directly to McGowan, they (Wadsworth and others) receiving whatever was due to them from the Bradys and McGowan, to execute a mortgage on the premises sold to the Bradys for balance of purchase money. This was done. The deed was recorded in the Monroe county clerk's office, January 2, 1829, at 9 A. M. It was

acknowledged by Cathcart and Ure, in Ontario county, on the 29th day of December, 1828, and by James Wadsworth, in Livingstone county, on the 31st day of December, 1828. The mortgage was recorded in the Monroe county clerk's office, January 2, 1829, at ten A. M., and acknowledged on the same day by McGowan, in Monroe county.

This was the only business transaction the Bradys ever had with McGowan. The court held that the giving of the deed and taking of the mortgage were one transaction, and that the two conveyances were to be considered as executed at the same time, within the spirit and intent of the law, and that, consequently, the plaintiff, as the widow of McGowan, was not entitled to dower in the premises. It will be observed that the acknowledgments in the case just cited were taken on different days, and the instruments were filed for record at different times, but there could be no question in fact as to their all relating to the same transaction, and in contemplation of law, McGowan's seizure was merely transitory. In the case of Cunningham vs. Knight (1 Barb., 399), it was held that where, upon the purchase of land, a deed is executed by the vendor, and a mortgage upon the land purchased is executed by the purchaser, and both conveyances are acknowledged and recorded at the same time, the presumption is that they were executed simultaneously. The facts as to dates in this last case are practically the same as in the case at bar. The deed was dated on the 2nd of May, acknowledged on the 3rd, and it was recorded on the 5th. The mortgage was dated on the 3rd of May, acknowledged on the same day and recorded on the 5th. In the case we are now considering, the deed from Provenchere to Fontaine was dated July 10, 1835, and acknowledged and recorded on the succeeding day, the 11th of the same month. The deed by which Fontaine conveyed the land to Deronin, in trust for Mrs. Provenchere, was dated, acknowledged and recorded on the 11th day of July, 1835, the same day on which the acknowledgment and recording of the first deed took place. Both acknowledgments were taken before the same officer, and the natural and necessary presumption is that they were

both delivered and recorded at the same time, and that they constituted one and the same transaction. That the first deed was dated one day prior in point of time will make no difference. A deed is not generally executed till it is acknowledged, and till that takes place there will be no presumption of delivery. Then so far as presumptions are to be relied on, the execution and recording of the two deeds were concurrent acts, which the law will construe to be one transaction.

Whilst it is true that parol evidence will not be admissible to vary the effect of the deed, we do not understand that the deposition of the plaintiff was offered for that purpose. It was simply to show the circumstances and condition of the parties at the time it was executed, and rebut the idea that the consideration expressed in it was ever paid, and for these objects it was properly admitted. The consideration clause in a deed has only the force and character of a receipt, and is always open to explanation and contradiction. The plaintiff states in her deposition that no relationship whatever existed between her husband and Provenchere, and it is unaccountable that he should have paid $2,000 for the property and immediately deeded it back for Mrs. Provenchere's benefit for the mere nominal consideration of $25. Moreover, from her own statements, she shows that her husband was a poor man, supporting his family by his daily labor, and that she never knew of his having any money sufficient to purchase the property, and that she knew of no other transaction that ever took place or was had between the parties.

Babcock's statement shows that there is no record in St. Louis that Fontaine was ever interested in any other piece of real estate. The conclusion from these facts follows irresistibly that Fontaine, in the transaction, was a mere conduit employed by Provenchere to pass the title in a third person for the use of his wife, and that his seizure was transitory and not beneficial, and, therefore, the plaintiff, as his widow, is not entitled to dower in the premises. The result is that the judgment must be affirmed; all the judges concur.