Jenner, J.
Is Mary Ruffner, the plaintiff, entitled to dower in the quarter section of land described in her petition ? This is the question presented in the issue.
She avers, that her husband, Benjamin Ruffner, in 1841, was seized of an estate of inheritance in said premises, and that since his death she duly demanded an assignment of her dower, but defendant has refused compliance with said demand.
The defendant admits that demand was duly made by plaintiff, but denies that her husband was seized of an estate of inheritance in said quarter-section of land, or that she is entitled to dower therein.
There was a contention on the trial, as to whether the plaintiff or defendant, had the burden of proof under this issue. We think it devolved upon the pldintifi to establish the fact that her husband was seized of an estate of inheritance, as averred in her petition. Her right to dower depended upon establishing that fact.
The plaintiff offered in evidence the deed from Thomas Trimble to her husbandP, dated April 2,1841, which contained the usual covenants of warranty, and she then rested her case. This, prima facie, established the fact, that her husband was seized of an estate of inheritance in the real estate described’ in said deed.
Thereupon the defendant offered the mortgage from the husband of plaintiff to said Trimble, dated said 2nd day of April, 1841, and also the decree of foreclosure of said mortgage, and the sale and conveyance of the premises in pursuance of the order of court. The plaintiff had not signed the mortgage and was not a party to said decree.
Do said facts, justify the conclusion, that Benjamin Ruffner, was seized of an estate of inheritance in said premises, so as to entitle his widow to dower therein ?
*72 In the case of Holbrook v. Finney, 4 Mass., 565, Hannah Holbrook, as the widow of Egra Finney, demanded dower on the seizin of her husband, who on the same day that he and his three brothers secured the conveyance from their father, mortgaged the lands to their father, and within the year the husband of Hannah died. The conditions of the mortgage were broken, and the land sold under a decree of foreclosure. Chief Justice Parsons, in this case says: “ the deed and mortgage are to be considered as parts of the same contract, and as taking effect at the same instant.” And it is held that the demandant, “cannot support her claim, as her husband was never so seized so as to entitle her to dower.”
The doctrine announced in Holbrook v. Finney, that a deed and mortgage executed on the same day will justify the inference that they were executed at the same time, and were parts of one and the same transaction, is sustained by Gilliam v. Moore, 4 Leigh, 30; Cunningham v. Knight, 1 Barb., 399. In the last named case, it is said that “ the deed and mortgage being acknowledged and recorded at the same time, the presumption arises that they were simultaneous acts, and that the latter was given for the purchase-money, though given to another partjn Hunt v. Livermore, 5 Pick., 395 ; and Kittle v. Van Dyck, 1 Sandford’s Ch., 76, are in point.
The inferences drawn from the facts in the cases, here referred to, are, no doubt, fully in accord with the experience of lawyers engaged in a general practice.^
We conclude, therefore, as the deed from Thomas Trimble to Benjamin Ruffner, and the mortgage from said grantee to his •grantor, describe the same premises, bear the same date, and were acknowledged before the same officer, the presumption arises that the deed and mortgage were part of the same transaction, and that the mortgage was given to secure unpaid purchase-money.
It may be regarded as a principle of American law, that a widow is not entitled to dower against a mortgage given to the vendor for purchase-money, so uniform has been the adjudications on that question.
The fact being established, that this was a mortgage to secure purchase-money, it follows, that the plaintiff was not a *73 necessary party to the proceedings of foreclosure. Welch v. Buckins et al., 9 Ohio St., 331; Folsom v. Rhodes et al., 22 Ohio St., 435.
John Q. Reeves, for plaintiff.
Charles Kibler, for defendant.
The husband of plaintiff was not so seized of said lands, as to entitle her to dower therein as against the purchaser under the foreclosure proceedings, or his grantee.
Albaugh and Follett, J.J., concurred.