E. WILLARD BOIES, RESPONDENT, v. PURPLE GARDNER
AND OTHERS, DEFENDANTS, SARAH BENHAM, APPELLANT.

*Priority of the lien of a mortgage given to the vendor of real property, to secure part
of the purchase-price, over a mortgage of even date and time of record, the consid-
eration of which was also used to pay for the property.*

One Boies, the owner of real property, conveyed the same to a purchaser, who
gave back two mortgages of even date and time of record, one to Boies to secure
a portion of the purchase-money on the premises, and the other to Benham, who
advanced to the purchaser money, which was applied in payment of the pur-
chase-price to Boies; the mortgage to Boies recited that it was given to secure
payment of a portion of such purchase-money.

In a controversy arising between Boies and Benham as to the priority of their
respective mortgages:

*Held,* that, in the absence of proof that Boies, as the vendor of the premises, had
waived his right to the priority which his vendor's lien gave him for the pur-
chase-money, so as to admit the other mortgage to an equality of lien with his
own, that the lien of Boies was entitled to priority.

That the fact that the mortgage to Benham was also given to secure a portion of
the purchase-money did not entitle it to equality of lien with the Boies mort-
gage, as the land came from the plaintiff, and until the purchase-price was
secured to him his grantee had nothing to mortgage to others.

That Benham, having advanced part of the purchase-price, was, however,
equitably entitled to whatever security the land could afford to him in preference
to judgment liens, dower interests or mortgages held by third persons who had
advanced nothing towards vesting the legal title to the land in the mortgagor.

APPEAL by the defendant, Sarah Benham, from a judgment of
the Supreme Court, entered upon the report of a referee in favor
of the plaintiff, in the office of the clerk of the county of
Schoharie on the 8th day of December, 1887, adjudging in an
action of foreclosure that the plaintiff's mortgage was a first lien
upon the premises covered thereby and a lien prior to the mortgage
lien thereon held by the defendant, Sarah Benham.

The complaint was in foreclosure. The plaintiff and the defend-
ant Benham each held a mortgage given by the defendant Gardner,
on the 11th of March, 1884, upon premises which the plaintiff on
the same day conveyed to Gardner. The price of the premises
was $1,800, $100 dollars of which Gardner had paid to the plaintiff.
Gardner borrowed $1,000 of defendant Benham and paid $900 of
it to plaintiff, and gave plaintiff a mortgage for $800, and at the

same time gave a mortgage to Benham for the $1,000. The transactions took place at the same time and place, and it was agreed that the two mortgages should be recorded at the same time and they were both so recorded. The mortgage to the plaintiff recited that it was given to secure payment of a portion of the purchase-money; the mortgage to Benham did not so recite. The conversation of the parties at the time of the execution of the mortgages was given in evidence, the contention of the defendant Benham being that it was agreed that her mortgage should be of equal lien with that of the plaintiff. The referee finds that the mortgages were of equal date, that both were given for the purchase-money, and both by agreement recorded of equal date, but does not find that it was agreed that they should be of equal lien, and does find that the plaintiff never parted or intended to part with his equitable lien upon said premises for the purchase-money, and thereupon found that the plaintiff's mortgage had the priority of lien. The defendant Benham appealed.

*G. L. Danforth,* for the appellant.

*Hiller & Palmer,* for the respondent.

LANDON, J.:

The burden rested upon the defendant Benham to show that the plaintiff, as vendor of the premises and the holder of a mortgage of equal date and record of her own, did, either by act or omission, so far waive the priority which his vendor's lien gave him for the purchase-money as to admit the defendant's mortgage to an equality of lien with his own. The vendor's lien for the purchase-money is prior to any other lien which the vendee can give upon the land except by the vendee's consent, expressly given or implied from his acts or omissions. (*Dusenbury* v. *Hulbert,* 59 N. Y., 541; *Ellis* v. *Horrman,* 90 id., 466; *French* v. *Le Roy,* 15 Week. Dig., 269.)

The vendor's equitable lien is waived by taking a mortgage. (*Fish* v. *Howland,* 1 Paige, 20.)

The referee has found that the plaintiff did not part with his equitable lien. Upon examination of the evidence we think the defendant did not quite make it appear that the plaintiff consented to admit her mortgage to an equality of lien with his own, and hence

did not maintain the burden she assumed. The case of *French* v. *Le Roy*, above cited, was fully as strong for the defendant as is the present, but the equitable lien prevailed. The defendant urges that because the referee has found that the mortgage to her was also given for the purchase-money, that it is thus admitted to an equality with plaintiff's mortgage in that respect, and because it stands equal in date and record, all the requisites of equality are shown. The money for which the mortgage was given to Benham was purchase-money to the amount of $900, as between Benham and the purchaser, in the sense that the purchaser could not, by agreement with third persons, give to them a lien upon the land prior to Benham's. Benham's equity is, in like manner and for like reasons, as superior to that which the purchaser can give to third persons as the plaintiff's equity is superior to hers. The land comes from the plaintiff. Until the purchase-price is secured to him his grantee has nothing to mortgage to Benham. That security given, then the grantee can mortgage to Benham subject to plaintiff's prior lien. Benham, having advanced part of the purchase-price, is equitably entitled to whatever security the land can afford him, before the judgment liens, dower right, or mortgages of third persons who have advanced nothing towards vesting the legal title to the land in the grantee, can be allowed. This is the extent to which the money lent by Benham and paid to the plaintiff becomes purchase-money. (*Jackson* v. *Austin*, 15 Johns., 477; *Cunningham* v. *Knight*, 1 Barb., 399; *Kittle* v. *Van Dyck*, 1 Sandf. Ch., 76.)

The judgment is affirmed, with costs.

LEARNED, P. J.:

I concur in the result. But I think that plaintiff's mortgage was a waiver of his equitable lien as vendor. (*Fish* v. *Howland*, 1 Paige, 20.) But it is not shown that he waived his right to priority over any other security.

INGALLS, J., not acting.

Judgment affirmed, with costs.