# CASES DETERMINED

IN THE

# ST. LOUIS COURT OF APPEALS.

## MARCH TERM, 1880.

GERMAN-AMERICAN BANK, Respondent, *v.* AGRICULTURAL INSURANCE COMPANY, Appellant.

### March 2, 1880.

1. Though a deed and a mortgage concurrently executed may be part of the same contract, they are distinct instruments, and a third party's knowledge of one is not notice of the other.

2. Notice of the execution of a mortgage upon insured property cannot be fastened upon the insurer by showing the latter's assent to an assignment of the policy to the purchaser of the property, who, instead of paying for the property, had given a mortgage for the entire purchase-money.

APPEAL from the St. Louis Circuit Court.

*Reversed and remanded.*

GARY, CODY & GARY, C. M. WHITNEY, and J. G. LODGE, for the appellant: The deed of trust from Reilly to White was without the knowledge or consent of the insurer, and avoided the policy. — *Hobbs* v. *Insurance Co.*, 1 Sneed, 444; *Hitchcock* v. *Insurance Co.*, 26 N. Y. 68; *Stetson* v. *Insurance Co.*, 4 Mass. 330; *Insurance Co.* v. *Hayes*, 17 Ohio St. 432; *Buchanan* v. *Insurance Co.*, 4 Ins. L. J. 335; May on Ins., sect. 269. In order to estop the insurer from insisting upon a forfeiture, the act claimed as

a waiver must be shown to have been done with full knowledge of the forfeiture. — *Insurance Co.* v. *Arthur*, 40 Pa. St. 315 ; *Hazard* v. *Insurance Co.*, 7 R. I. 429 ; *Diehl* v. *Insurance Co.*, 58 Pa. St. 443 ; *Allen* v. *Insurance Co.*, 12 Vt. 366. That the contract was one with Hauk, and that the respondent had no interest in it except to receive a whole or a part of the loss which the assured might receive, is well settled by the authorities. — *Continental Ins. Co.* v. *Hulman*, 12 Ch. Leg. N. 26 ; *Grosvenor* v. *Insurance Co.*, 17 N. Y. 391 ; Fland. on Ins. 488, and citations ; *Carpenter* v. *Insurance Co.*, 16 Pet. 506 ; *Griswold* v. *Insurance Co.*, 1 Mo. App. 97 ; *Bidwell* v. *Insurance Co.*, 40 Mo. 42 ; May on Ins. 459.

T. A. & H. M. Post, for the respondent : The mortgage given by Reilly to Mrs. Hauk to secure the purchase-money was not such an encumbrance as to avoid the policy. A conveyance and a mortgage back to secure the purchase-money are *but one* transaction. — *Bigelow* v. *Kinney*, 3 Vt. 368 ; *Clap* v. *Draper*, 4 Mass. 266 ; *Lovering* v. *Fogg*, 18 Pick. 540 ; *Stow* v. *Tifft*, 15 Johns. 463 ; *Johnson* v. *Dunsbagh*, 1 Johns. Cas. 95 ; *Holbrook* v. *Finney*, 4 Mass. 569 ; *Morrison* v. *Tennessee Ins. Co.*, 18 Mo. 266 ; *Stetson* v. *Massachusetts Mutual Ins. Co.*, 4 Mass. 336. The vendor's lien is not an encumbrance within the meaning of the policy. — *Dohn* v. *Farmers' Ins. Co.*, 5 Lans. 278. The insurance company, having assented to the sale to Reilly, thereby assented to the mortgage back for the purchase-money, which was part of the same transaction. — *Insurance Co.* v. *Ashton*, 31 Ohio St. 477. The clause in the policy invoked by the company is to be construed most strictly against the insurer. — Wood on Ins. 128 ; May on Ins. 181, 182.

Bakewell, J., delivered the opinion of the court.

This is an action upon a policy of insurance. The defences relied upon on the trial were, that the premises insured

had been encumbered by a mortgage, contrary to the provision of the policy, after the date of the policy, without notice to the insurer, and without indorsement of the fact. upon the policy ; that proceedings were commenced without a written consent of the company, contrary to the provisions of the policy ; that, under the foreclosure, the premises were sold ; and that proofs of loss were not furnished by the person who, by the terms of the policy, should have furnished them.    There was a verdict and judgment for plaintiff for the amount of the policy and interest.

It appears that on June 6, 1876, Abigail Hauk owned the premises in question — a frame dwelling-house in the suburbs of St. Louis, which she had mortgaged to plaintiff for $6,500.    At the date named she procured the policy sued on, by which defendant's company insured her against loss or damage to the dwelling-house by fire, to the amount of $4,500 ; loss, if any, payable to plaintiff.    The policy was for the term of three years.

The policy provides that if the property shall become encumbered by mortgage, judgment, or otherwise, or if proceedings be commenced to foreclose any mortgage upon the insured property, the policy shall be void until the written consent of the home office is obtained ; that, in case of loss, the assured shall give immediate notice to the company, and when required, furnish a statement of the particulars of loss, the details of which are set out in the policy ; any neglect in this respect to be a forfeiture of all claim under the policy.    The policy is not assignable without the written consent of the company indorsed thereon, and any assignment without consent thus indorsed avoids the policy.

Agents of the company are permitted to give the consent of the company to assignments of policies, but no agent of the company is permitted to give the consent of the company in any other case required by the provisions of the policy, or to waive any condition or stipulation contained therein ; but in all cases where the consent of the company.

is required by the policy, other than consent to the assignment of the policy, such consent must be obtained at the home office of the company.

On July 12, 1876, Mrs. Hauk sold her equity of redemption in the premises to one Bernard J. Reilly, as trustee for his wife. No money was paid, but Mrs. Reilly gave her notes for $2,400, secured by deed of trust upon the premises. The deed of trust was dated July 14, 1876, and made to one White, as trustee. On July 12, 1876, the policy was assigned to Reilly, as trustee for his wife; and at the same time, the consent of the State agent of the company to this assignment was indorsed upon the policy; but there was no notice of the deed of trust, nothing was said to any officer of the company about it, and no memorandum of it was indorsed on the policy.

The Reillys took possession of the premises, and on April 26, 1877, while the Reillys were living there, the dwelling was totally destroyed by fire. It is admitted that it was worth the amount of the insurance upon it.

The company furnished to B. J. Reilly the blank to make proof of loss, but he declined to make any proof; after waiting a month, in vain efforts to get Reilly to act in the matter, the trustee of plaintiff caused proofs of loss to be made out, which were furnished to the company, and returned on the ground that they were insufficient, as not being furnished by Reilly.

Defendant offered to show that the premises in question were advertised for sale under a deed of trust, and sold under the deed of trust a few days after the fire; but the testimony was ruled out, on the objection of plaintiff.

The jury were instructed that the assent of the company to the assignment of the policy is evidence to be considered by the jury in determining whether the company assented to the sale to Reilly; that if Reilly and wife failed to furnish proofs of loss, then plaintiff's trustee might do so; and if he did so, and these proofs were rejected by the company

as not furnished by the Reillys, then the proofs of loss offered in evidence are sufficient; that the deed to Reilly and the deed of trust by him are parts of one transaction, and if defendant assented to the sale to Reilly, it thereby assented, within the meaning of the policy, to the deed of trust to secure the purchase-money; and that neither the deed of trust nor the failure to indorse the assent of the company thereto on the policy, avoided the policy.

No apparent hardship can ever be a legal reason for relieving a party from the consequences of a reasonable and unambiguous contract, the benefit of which he has lost without any fault of the other party.

The defendant company had a perfect right to provide as it did, as to notice of any encumbrance by way of mortgage placed upon the property pending the insurance.

The present case is an instance of the reasonableness of such a rule. The person in possession of the premises, and having the legal title, perhaps had no interest whatever in their preservation. He had paid nothing for the property; the notes given were the notes of his wife; he purchased the property subject to one mortgage by executing another, and was, perhaps, perfectly indifferent as to whether the property was destroyed by fire or not. His testimony shows that, shortly after the fire, he was in jail on some criminal charge, the nature of which does not appear. It is clear that the company was very much interested in knowing whether the property was mortgaged for something like its full value or not. The reasonable inference from the testimony is, that the property was mortgaged for as much as the improvements were worth, and probably for more than that.

There is only one question in the case. If defendants had no notice of the second mortgage, substantially according to the terms of the contract, the judgment cannot be sustained. There is no question of waiver.

It is contended by respondent that consent to the assign-

ment of the policy to Reilly was consent to the mortgage given by Reilly at the time he purchased. The argument is, that the assignment was notice of the conveyance to Reilly; that notice of the conveyance was notice of the deed of trust executed for the purchase-money, because deed and deed of trust were parts of the same transaction, and therefore notice of one was notice of the other.

The conclusion does not necessarily follow. It is true that, where both instruments are executed at the same time, between the same parties, relative to the same subject-matter, they both constitute the same transaction. The deed and mortgage are parts of the same contract, and as between the parties to them, they are held to constitute but a single act; but they are none the less separate and distinct instruments. *Fontaine* v. *Boatmen's Saving Inst.*, 57 Mo. 558. Notice of one is not necessarily notice of the other. The recording of the deed does not notify a subsequent purchaser that there was a contemporaneous mortgage. It by no means follows that because one has notice that a deed has been executed of an equity of redemption, he has notice that the purchase was not for cash, or that he has any reason to suppose that there is a mortgage, or even a vendor's lien of any kind. There is nothing on the face of the conveyance to Reilly, which is a separate instrument, from which it can be gathered that the purchase-money, expressed as paid, was not paid in cash.

Nor is there any evidence or any admission that the company had notice of, or that they consented to the sale to Reilly, unless the consent to the assignment of the policy is to be taken to be a consent to the sale; and in the absence of further evidence of notice of the sale, it is not at all clear why it should be so taken. The policy, by its nature, is assignable. It might, for various reasons, be assigned without a transfer of the subject of insurance. *Smith* v. *Insurance Co.*, 1 Hill, 497. And we do not see why the insurer must be bound to inquire whether the title passed

with the assignment of the policy; although, in the view that we take of the law of the case, that is not material.

We are referred to the case of *Insurance Company* v. *Ashton*, 31 Ohio St. 477. . The case does not seem to be quite in point. That was a case in which Francis Ashton, the assured, conveyed the premises insured, with consent of the insurer, to Christopher Ashton, who gave a mortgage back for the purchase-money.

The policy was assigned to Christopher at the date of this conveyance, and it had the provision that if the property be sold or transferred, or if any change take place in the title, without consent of the insurer, the policy shall be void. In an action by Christopher on the policy, the court held that plaintiff was entitled to recover; and the court says, in the course of its opinion, that it does not deem it necessary to consider whether the mortgage without the consent of the company is such a change of title as avoids the policy under the stipulation, because the assent to the conveyance was a consent to the sale as made, and therefore an assent to whatever change of title the mortgage effected.

It is, however, manifest that the mortgage back effected no such change of title as ought to be held to avoid a policy under such a stipulation as the one before the court there. May on Ins. 269. Of the change of title the company had full notice; and whatever may be said in the opinion as to an assent to the sale being an assent to the mortgage, is unnecessary to the determination of that case, and ought to have no application to the case at bar.

The stipulation with which we have to deal is express, that if the property become encumbered by mortgage, the policy shall be void until the written consent of the home office is obtained. We hold it utterly unreasonable to say that the written consent of the company to the assignment of the policy to one who is shown *aliunde* to have purchased the equity of redemption on the day the policy was assigned,

and to have given a mortgage back for the entire purchase-money, is a written consent to the mortgage, simply because, as between the parties themselves, and to preserve equities and to exclude liens in some cases, and so far as dower is concerned, and perhaps for other purposes, a deed and mortgage back for the purchase-money are regarded as one transaction. There is not the least reason to suppose that the insurance company ever heard of, or suspected the existence of this mortgage ; and the *dictum* in the Ohio case just cited, that, in consenting to a sale of the property, the company must be supposed to have made itself acquainted with the terms of sale, does not commend itself to us as founded upon sound reason, or upon anything which we can conceive as likely to take place in a transaction of this nature.

We think that the trial court erred in the effect given by it to the consent by the company to the assignment to Reilly. The judgment must therefore be reversed and the cause remanded. Judge HAYDEN concurs ; Judge LEWIS absent.