Massey v. Tingle.

MASSEY, Plaintiff in Error, v. TINGLE, Defendant in Error.

1. When the statute of limitations begins to run against an action to adjust and settle the accounts of a partnership must depend upon the circumstances of the case; there is no rule of law that it begins to run from the date of the dissolution of the partnership.
2. It is the province of the jury to pass upon questions of fact, not matters of law.

### *Error to Jasper Circuit Court.*

This was an action to adjust and settle the accounts of a partnership that had formerly existed between plaintiff and defendant. This suit was commenced April 4, 1853. It alleged a partnership between plaintiff commencing in 1837

and ending by a dissolution by mutual consent on the 5th of March, 1841. Plaintiff alleges that he furnished more capital than defendant; that the excess was in the nature of a loan to defendant, to be accounted for on final settlement; that there has been no final settlement; that the debts of the partnership have all been paid. Plaintiff claims to have an execution against the partners; for the half of which with the excess of capital he prays judgment. The defendant in his answer puts in issue the allegations of the petition with respect to the advancements of capital by plaintiff; alleges that he, defendant, furnished capital not credited to him in plaintiff's petition; that for several years after the dissolution plaintiff received rent of various buildings belonging to the firm. He also set up the statute of limitations.

At the trial the following issue was made under the direction of the court and ordered to be submitted to the jury: "Did plaintiff's right of action accrue within five years next before the commencement of this suit?" To the ordering of this issue to be tried by the jury plaintiff excepted. Certain testimony offered by plaintiff being ruled out, he took a nonsuit, with leave, &c.

————, for plaintiff in error. *

I. The court erred in submitting a question of law to the jury. The issue upon the statute of limitations, as made up, submits a question of law, not one of fact. The court erred in excluding testimony.

Scott, Judge, delivered the opinion of the court.

This judgment must be reversed because the court below referred as an issue of fact to the jury a matter of law. We know no principle which declares that the statute of limitations begins to run against an action to adjust and settle partnership accounts from the time of its dissolution. When the account, or an item in the account, is barred, must be deter-

---

* The brief on file in this cause was filed by Judge Ewing at a former term of the court.—[Rep.

mined from the facts in relation to it. The application of the statute must be governed by circumstances. Cases may be stated in which an account may be barred in five years; others may be stated in which an account would not be barred in a much longer time. When the facts of this case are all ascertained, it will be the province of the court to declare whether the action for an adjustment of the concerns of this firm is barred. There is nothing in the record as it now stands which enables this court to pronounce that this action is barred. Judge Napton concurring, the judgment is reversed and the cause remanded; Ewing, Judge, not sitting, having been of counsel.