HENRY W. GRAY, Appellant, *v.* GEORGE T. GREEN, Respondent.

*Statute of limitations — when the right of a former member of a dissolved partnership, to sue his copartner for a settlement, arises — Code of Civil Procedure, sec. 388.*

This action was brought in August, 1884, for the settlement of the affairs of a partnership formed by the plaintiff and defendant in January, 1870, and dissolved in October, 1872. A defense set up by the defendant that the action was barred by the statute of limitations, because not brought within ten years after the right to commence the action had accrued, as required by section 388 of the Code of Civil Procedure, was sustained by the referee, who held that the right to bring the action accrued when the dissolution of the partnership took place.

*Held,* that the time fixed by this section did not commence to run until a right to bring and maintain an action for the redress sought for existed.

That it did not follow from the fact of the dissolution of a partnership that either partner could, at the time when that took place, immediately institute and maintain an action for the settlement of its affairs.

That where the business of the partnership requires for its completion the continuance and completion of certain transactions, and no default or misconduct can be alleged on the part of either of the parties, as a ground of action, in such case the law will permit a reasonable time to be taken for the winding up of the partnership affairs before a right of action will accrue.

That as it appeared in the present case that the firm was, at the time of its dissolution, indebted in the sum of about $200,000, and owned property and demands, some of which had not yet been collected, and that at the time of the dissolution of the firm it was agreed that its affairs should be liquidated by the plaintiff, and as there was nothing to show unreasonable delay in liquidating its affairs, the case contained no facts which would enable the referee to determine that such a lapse of time had taken place as would entitle the parties, or either of them, to disclaim the binding effect of this agreement, and that he erred in sustaining the defense.

APPEAL from a judgment in favor of the defendant, entered on the report of a referee.

*John R. Dos Passos,* for the appellant.

*C. C. Suydam,* for the respondent.

Daniels, J.:

The plaintiff and defendant were partners in business as brokers and dealers in stocks. Their partnership commenced on the 1st of

January, 1870, and it was dissolved on or about the 21st of October, 1872, and this action was brought, for the settlement of the partnership accounts, in August, 1884. The defendant, by way of a defense, set up the statute of limitations, that the action had not been brought within ten years after the right to commence it had accrued, as that was required by section 388 of the Code of Civil Procedure. On the trial so much evidence was taken before the referee as was deemed necessary to present this defense for his decision, and as he concluded it to be maintained, he dismissed the plaintiff's complaint. Whether he was right or not in directing this disposition of the action depends upon the construction which should be given to this section of the Code. The limitation prescribed by it is the period of ten years after the cause of action accrues. What was intended by the legislature by this language was the existence of the right to bring and maintain an action for the redress claimed to be recovered in the suit, and it is from the time that right becomes vested in the party that the statute commences to run, and from which the period mentioned in it is to be measured. The learned referee concluded that this right of action accrued when the dissolution of the partnership took place, and the action was disposed of upon that view. But it does not follow, from the dissolution of a partnership, that either partner can, at the time when that shall take place, immediately institute and maintain an action for the settlement of its affairs. Cases may well be imagined where that can be done and where the right of action immediately accrues, but where the business of the partnership requires for its completion continued transactions, and no default or misconduct can be alleged on the part of either of the parties as a ground of action, there the law will permit a reasonable time to be taken for the completion of the partnership affairs before a right of action will accrue. Of course that could not be prolonged by unnecessary delay or misconduct on the part of either of the parties, but, as long as no delay of that description or any misconduct intervenes there, neither of the parties would be permitted to appeal to the authority of a court of equity to take the management of the business out of their hands and settle and adjust it through its own instrumentalities. This principle has been considered in quite a large class of cases where

the courts have announced the conclusion that the statute will only be held to include the period of unexplained delay in the settlement and adjustment of the partnership affairs. This was considered in *Tatam* v. *Williams* (3 Hare, 347, 358), where that was the conclusion of the court predicated upon authorities at that time stated. In *Todd* v. *Rafferty* (30 N. J. Eq., 254) a similar point was examined resulting substantially in a like conclusion; and so it was in *Hammond* v. *Hammond* (20 Geo., 556), where the general principle was considered to be established that "the statute of limitations does not commence to run in favor of one partner against the other, even after a dissolution of the copartnership, so long as there are debts due from the partnership to be paid or debts due to be collected." And a like view was taken in *Massey* v. *Tingle* (29 Mo., 437), where it was said, in the course of the opinion, that "we know of no principle which declares that the statute of limitations begins to run against a claim to adjust and settle partnership accounts from the time of its dissolution." (Id., 438, 439.) And equally pointed was the ruling of the court in *Foster* v. *Rison* (17 Gratt., 321). This case arose under the provisions of a statute of the State of Virginia declaring an action to be barred for the settlement of partnership accounts, after five years from the cessation of the partnership dealings, and it was held that collecting in outstanding firm debts were such dealings and prevented the running of the statute. And in *Causler* v. *Wharton* (62 Ala., 358) the court considered the principle to be a sound one, that where the partnership affairs are unsettled on a dissolution, and one partner, by a written agreement with the other, leaves the partnership assets with him to dispose of whenever he can do so at a fair price, a continuing trust is thereby created and the bar of the statute of limitations will not begin to run against the right to an accounting of the partnership dealings so long as the party to whom the assets were delivered acts under the trust or admits that it is still continuing. And *Cannon* v. *Copeland* (43 id., 201) sustains the same general proposition. It was likewise considered in *Adams* v. *Taylor* (14 Ark., 62), and *Lawrence* v. *Rokes* (61 Me., 38) sanctions the same general principle.

It is true that it will not apply to a case where the business of the partnership has been brought to a complete conclusion, as it is by a general assignment or proceedings in bankruptcy. The former

was the case of *McKelvy's Appeal* (72 Penn., 409) and of *Wilhelm* v. *Caylor* (32 Md., 151). In that class of cases, when the business of the partners has been terminated, the right to an accounting at once accrues and an action may be immediately maintained for that object.

But neither these cases, nor the principle which they maintain, have any application to the present action, for it was proved upon the trial that at the time of the dissolution of this partnership the firm was indebted in the sum of about $200,000. And it then was the owner of property in addition to three demands which have not yet been collected, but one of which was paid in part in May, 1879, April, 1881, February, 1882, and March, 1884. By the terms of the partnership agreement, the losses and profits of the business were to be divided between the parties by the plaintiff receiving four-fifths and sustaining an equal amount of the losses, and the defendant receiving one-fifth and sustaining that portion of the losses. And, at the dissolution of the firm, an agreement was made between the parties by which the plaintiff was constituted the liquidating partner of the firm. That placed its unfinished business and its management and adjustment in his hands, and under his control. And if an action had been brought at that time, either by himself or the defendant, for an accounting and settlement of the partnership affairs, this agreement would certainly have been a defense to the suit, and a right of action accordingly had not then arisen for this purpose in favor of either of the parties. The extent and application of the agreement was not definitely fixed, but under it the plaintiff had a reasonable time to be measured by the state of the partnership property and indebtedness, to liquidate and adjust its affairs. What that reasonable time may be has not been shown by anything which transpired upon the trial, it evidently having been deemed inappropriate to the simple question entertained by the referee of the application of the statute of limitations. And it cannot, therefore, be held, from anything which transpired, that ten years had expired since a reasonable time had elapsed to carry into effect the intent of the parties manifested by this agreement. And for that reason the case contains no facts upon which the point can be considered or determined, whether such a lapse of time had taken place as would entitle the parties, or either of them, to disclaim the binding effect of this

agreement.   While it has continued, and was in process of reasonably vigilant performance by the plaintiff, the affairs of these parties could not be taken from his hands and brought for adjustment within the jurisdiction of a court of equity, for the parties had practically disabled themselves, by making the agreement, from disaffirming it as long as no default or unreasonable delay appeared on the part of the plaintiff, and no delinquency should be proven against the defendant.   Such a default or delinquency is not to be presumed, but it is to be made the subject of proof, and from that time only would a cause of action accrue under this provision of the statute.   When the statute should be held to apply to the rights of these parties must depend upon the facts attending the settlement of the partnership affairs, so far as they have been made the subject of settlement.   Its debts appear to have been paid, but what period of time was requisite for that purpose has not been shown.   Neither does it appear what time was necessary to appropriate the partnership property to this object.   But it was further proven upon the trial that efforts had been directed to enforce and collect demands due and owing to the firm up to the time of the commencement of the action, and that they were in some measure pending at the time of the trial; and the defendant himself, in July, 1884, assented to legal proceedings upon one of these demands, but with the proviso that he should not be charged with any portion of the expense.   What particular effect these proceedings should have upon the rights of the parties, or whether any can be attributed to a very small indebtedness of the firm still outstanding, it is not necessary at the present time to consider, for it is evident that the referee was wrong in holding that the statute of limitations took effect upon the rights of the parties at the time when the dissolution of the partnership occurred.   No right of action then accrued in favor of one against the other, but that right was extended certainly as long as the plaintiff diligently proceeded under the agreement with the settlement of the partnership affairs; and what period of time may have been consumed in doing that can only be made to appear by proof exhibiting the manner in which the business was done by the plaintiff.

It has been suggested that as the plaintiff is still acting under the agreement in the enforcement of the three uncollected demands,

that the action is premature on that account; but that point was not considered or decided by the referee, and when it shall be it may possibly be answered by the circumstance that the defendant has been requested and refused to adjust his own alleged indebtedness arising out of the partnership transactions, and the settlement of its affairs so far as that has been consummated. As the case now appears it should not have been dismissed upon the effect of the statute, but it should have been fully heard and decided after hearing the evidence pertaining to the issues which the parties should be able to produce.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

Brady, P. J., and Macomber, J., concurred.

Judgment reversed, new trial ordered, costs to abide event.