J. F. GIRVIN, Respondent, v. ST. LOUIS REFRIGERATOR & WOODEN GUTTER COMPANY, Appellant.

St. Louis Court of Appeals, April 21, 1896.

Pleading: INTEREST. A petition alleged the sale of timber at the contract price of $441, and the refusal of the defendant to accept the lumber on due tender thereof. It claimed damages in the sum of $458.50, but contained no prayer for the allowance of interest. *Held,* that the petition did not warrant a judgment in favor of the plaintiff for more than $441.

*Appeal from the New Madrid Circuit Court.*—HON.
HENRY C. RILEY, Judge.

MODIFIED AND AFFIRMED.

*Rudolph Schulenburg* and *J. J. Russell* for appellant.

*H. C. O'Bryan* for respondent.

ROMBAUER, P. J.—Plaintiff sues to recover the
value of six hundred cottonwood piles, which he claims
he sold to the defendant at the price of one and three
quarter cents per lineal foot, and which the defendant
failed to receive after tender made. The petition
states that the timber thus tendered was of the con-
tract price of $441. The petition claims damages for
the sum of $458.50, but contains no prayer for the
allowance of any interest. The defendant's answer
was a general denial. The cause was tried by the
court without a jury, the trial resulting in a judgment
for plaintiff for $458.50. The errors assigned by the
appealing defendant are the admission of incompetent
evidence, the refusal of the court to vacate the judg-
ment as one opposed to the great weight of the evi-
dence, and excess in the finding.

That the contract was made on the terms stated in
plaintiff's petition, and that the plaintiff complied with
its requirements, is substantially conceded by all the
evidence. The main defense interposed upon the trial
was that, owing to the low stage of the water in the
Mississippi river at and after the completion of plain-
tiff's contract, the defendant could not receive and
load the piles, as the stage of the water entering the
chute leading to the place where the piling was put on
the river bank was too low during the entire residue of
the season to enable the piles to be loaded on barges,

and that that was the only way of removing them. All the evidence concedes that, after the expiration of the season, the piles ·became rotten and unfit for the use for which the defendant designed them.

The great bulk of the evidence was directed to this issue, which was outside of the pleadings. The plaintiff's petition nowhere states, and even the evidence fails to show, that the acceptance of the piles was made dependent on the stage of water in the river. The letter of defendant's agent to plaintiff states: "I will pay you the above price for piling delivered on bank of river, but you are to deliver them in reach of derrick boom, as Mr. Hampton done before." All the evidence was to the effect that the piling was put in reach of the crane of the derrick boom, and that the water at that place was deep enough to float any barge.

If the defendant desired to raise the issue that the acceptance of the piling was dependent on the stage of the river furnishing facilities for its loading, it should have done so by setting that fact up in its answer and offering testimony in its support, neither of which was done. Hence, we can not put the court in the wrong for ignoring an issue which was not properly made.

We have examined the objections to the evidence, and find that they are not well-taken. After the plaintiff stated what he had done, and his statement disclosed a full performance of the contract on his part, it can not be considered prejudicial error to permit him to state that he had performed his contract. Nor could the admission in evidence of the letter of defendant's agent furnish ground for reversing the judgment, when all the evidence concedes that the writer was the defendant's agent.

The judgment, however, is clearly excessive. The allegations of the petition do not warrant a judgment in excess of $441. As the plaintiff has offered in this

court to remit the excess of $17.50, the judgment will be modified so as to make it a judgment for $441, and as thus modified it will be affirmed; the respondent to pay the costs of this appeal.

So ordered.   All the judges concur.