J. H. ZERBE, Defendant in Error, v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, Plaintiff in Error.

Kansas City Court of Appeals, May 3, 1897.

Appellate and Trial Practice: JUDGMENT IN EXCESS OF THE AMOUNT PRAYED FOR. Where the jury return a verdict and the trial court enters judgment for a greater amount than is prayed for in the petition, the judgment is reversible unless the whole record shows such finding and judgment to have been proper.

*Error to the Vernon Circuit Court.*—HON. D. P. STRATTON, Judge.

REVERSED AND REMANDED.

*Geo. P. B. Jackson* for plaintiff in error.

(1) The limit of recovery under the petition was $65, the alleged value of the mule. The judgment being for $71.12 is erroneous because in excess of what the court was authorized to render, and this will be determined from the face of the record. *R. R. v.*

*Armstrong*, 25 Kan. 561; *Lester v. Cloud*, 67 Ga. 770; *Horton v. R. R.*, 83 Mo. 541; *Poulson v. Collier*, 18 Mo. App. 583–604; *Pendergast v. Hodge*, 21 Mo. App. 138; *State ex rel. v. Snyder*, 87 Mo. 683; *Moore v. Dixon*, 50 Mo. 424. (2) The excess over the amount sued for is probably due to an attempt to allow interest on the value of the mule, but that does not justify it. The court was not authorized to add anything by way of interest, and having done so it made the judgment erroneous. R. S., sec. 4430; *Kenney v. R. R.*, 63 Mo. 99–102; *Marshall v. Schricker*, 63 Mo. 308–310; *Atkinson v. R. R.*, 63 Mo. 367; *Meyer v. R. R.*, 64 Mo. 542; *DeSteiger v. R. R.*, 73 Mo. 33. The petition did not claim or pray for any interest.

*Hoss & Scott* for respondent.

The only error complained of is as to the amount of the verdict and judgment. The plaintiff sued for the value of a mule killed by the railroad company on account of negligence. The value of the animal was placed at $65, and the proof, it will be presumed, sustained the allegation as to value. The petition asked for no interest and none was claimed by plaintiff at the trial. If the jury had been instructed at the trial, not to allow interest, of course they would not have done so. Nor did the defendant company see proper to call the attention of the trial court to this matter by motion in arrest. We do not think this company should be heard to complain for the reason above stated. Still, it is a very small matter and the error complained of is easy of adjustment. If the plaintiff in error should not pay this excess of $6.12 we certainly do not desire that it should be done and respondent now enters a *remittitur* of the sum of $6.12, the excess complained of over and above the sum of $65 prayed for in the pe-

tition. Where upon the whole record the verdict is manifestly for the right party, the cause will not be reversed. Sec. 2303, R. S. 1889. And having so entered a *remittitur* for the sum in excess of the amount to which the plaintiff was entitled, the respondent asks that the judgment in the sum of $65 be affirmed in accordance with the rulings of the court heretofore made in the following cases. *Girvin v. Refrigerator Co.*, 66 Mo. App. 315; *Poulson v. Collier*, 18 Mo. App. 583.

ELLISON, J.—This action is for damages caused by defendant killing plaintiff's mule by running over or against it with a train of cars. Plaintiff recovered and defendant prosecutes a writ of error. There is no bill of exceptions, leaving simply the record proper.

The petition claimed the sum of $65, whereas the judgment rendered was for the sum of $71.12. This was error.

It is claimed here that the excess of $6.12 over the amount claimed represents interest at six per cent erroneously allowed by the jury and included in the judgment, and an offer to remit the excess is made here. But to say that the excess represents interest at the rate of six per cent is mere conjecture. If the jury allowed the whole sum of $65 as the value of the mule, then six per cent on that sum to the date of the verdict would equal the amount of the excess. But who can say that the jury allowed the full sum of $65 and calculated interest on that at the rate of six per cent. It is certainly a common matter for more to be claimed by an interested plaintiff than a disinterested jury is willing to allow. We can not tell but that the jury allowed less than $65 as the value of the mule and calculated interest at a greater rate than six per cent. It

*APPELLATE and trial practice: judgment in excess of amount prayed for.*

is a matter of small moment, but the rule announced in this case would govern others of larger concern.

We are cited to the cases of *Poulson v. Collier*, 18 Mo. App. 583 and *Girvin v. Refrigerator Co.*, 66 Mo. App. 315, as sustaining the offer to remit. Neither case is applicable. The record and transcript proceedings of the entire trial were before the court in those cases and enabled the court to form some conclusion as to what was done and considered by the jury. Here we have nothing, as before stated, but the record proper. The judgment is reversed and cause remanded. All concur.