MARIE E. PATTERSON, Plaintiff and Appellant, v. THE
MISSOURI GLASS COMPANY, Defendant and
Appellant.

St. Louis Court of Appeals, December 7, 1897.

1. **Principal and Agent**: RIGHT OF PRINCIPAL TO PROFITS OF AGENT BEYOND COMPENSATION ALLOWED. Money paid to the agents of the assured by an agent of the insurers for taking out policies in their companies on plaintiff's property, beyond the compensation allowed them by plaintiff, belonged to plaintiff and should have been turned over to her, under the rule that the principal is entitled to all profits made or advantage gained by the agent in the execution of the agency, beyond his ordinary compensation.

2. **Instructions**: EVIDENCE. The refusal of instructions offered by defendant was not error, where there was no substantial evidence supporting the theory on which they were drawn.

3.  **Account**: JUSTICE'S COURT: INTEREST.  In a suit on account begun before a justice, where the only pleading necessary was the filing of the account, the bringing of the suit was a sufficient demand in law, and the court was authorized to allow interest from that time until the rendition of the judgment.

*Appeal from the St. Louis City Circuit Court.*—HON. PEMBROOK R. FLITCRAFT, Judge.

AFFIRMED.

*Geo. W. Lubke, Jr.*, for defendant-appellant.

The action of the court in refusing to give plaintiff's instruction was proper.  *Shockley v. Fisher*, 21 Mo. App. 551; *Van Riper v. Morton*, 61 Mo. App. 440.

The instruction given for the defendant, marked 3, was properly given.  *Murdoch v. Milner*, 84 Mo. 96; *Grady v. O'Reilly*, 116 Mo. 346; *Montgomery Co. v. Robinson*, 85 Ill. 174; *Noyes v. Landon*, 59 Vt. 569; Mech. on Ag'cy, sec. 469, and citations.

*Thomas G. Rutledge* for plaintiff-appellant.

Nothing will discharge a covenant in a lease but a performance or a release under a seal.  Especially is this the rule with covenants to insure.  McAdam's Land & Ten. 180; Taylor's Land & Ten. 652; *Thomas v. Cox*, 6 Mo. 506; *Jones v. Waterworks*, 65 Mo. App. 388; *Gibson v. Perry*, 29 Mo. 245; *Noel v. Lithograph Co.*, 11 N. Y. Sup. 589; *Matson v. Gladwin*, 6 Q. B. 953; *Penniall v. Harborne*, 11 Id. 368; *Kelaltas v. Coleman*, 2 E. D. Smith (N. Y.) 408.

The relation of agency is not established between the lessor and lessee under the covenant in the lease. Story on Ag'cy, sec. 3; 2 Kent. Com. 784; Bish. on Con. 1027.

A real estate agent, being at the same time an insurance agent, who has the care and custody of the

property, may act as an agent for an insurance company in placing a policy of insurance on the property. *Northrup v. Ins. Co.*, 48 Wis. 420.

Gratuities received by an agent in matters growing out of his agency are not properly earnings or profits, made by the agent in the course of the business of the principal, for which he must account to the principal, especially in the absence of fraud or breach of trust. *Ins. Co. v. Church*, 21 Ohio St. 498.

The payment by check of $578 was not an accord and satisfaction for any larger sum. *Curren v. Rummel*, 118 Mass. 482; *Fulton v. Monona Co.*, 47 Iowa, 622; *Wilson v. Palo Alto Co.*, 65 Id. 18.

Institution of suit is sufficient demand. Interest is allowed on demand. *Berger v. Bagnell*, 20 Mo. App. 543.

The law does require formalities in proceedings before justices, and no formalities will be allowed to defeat the ends of justice. *Forbes v. Shellabarger*, 50 Mo. 558; R. S. 1889, sec. 6138.

BOND, J.—This suit is to recover of defendant certain premiums for the insurance of a building leased by plaintiff to defendant for a term of ten years, upon a covenant by the lessee to pay the premiums for the insurance of the property to be taken out by the lessor, to the extent of eighty per cent of its value. There was a trial before the justice and an appeal to the circuit court, where the cause was submitted to the judge sitting as a jury. It was shown for plaintiff that her real estate agents procured the insurance of the property in reliable companies, at what were known as board rates, which were reasonable, and aggregated $935; that she paid this sum to her real estate agents, who deducted therefrom ten per cent, and paid the remainder to one Hirschberg, the agent of the underwriters; that this

deduction was a part of said Hirschberg's commission as agent of the companies, and was allowed plaintiff's agents because they placed the insurance with him, and also because they were members of the board of underwriters in this city, any one of whom is entitled when placing property for insurance with another agent, to ten per cent of the latter's commission; that the rules of the board prohibited the member who receives such part of the commission of the insurance agent from accounting for it to his principal. There was also evidence that plaintiff could not have gotten the insurance for any less than was paid if she had taken it out directly without employing any agents. The premiums claimed by plaintiff consisted of two bills, one for $680, the other for $255. Plaintiff admits a credit of $578 on account. The theory of the plaintiff is that she should recover the total of said premiums, less this credit. The theory of respondent is that the first bill for $680 was extinguished by its check for $578, and that as to the second bill plaintiff could only recover what was left, after deducting ten per cent of the total premiums paid to her agents by the agent of the companies. The defendant introduced the letters between the parties relating to this insurance. Plaintiff gave evidence in rebuttal. These letters and such evidence as far as necessary will be referred to hereafter. There was a judgment for plaintiff for $273.38. Both parties appealed.

The relative rights of the two parties appellant in this case depended upon the law governing the duty and liability of agents to their principals. PRINCIPAL and agent: right of principal to profits of agent beyond compensation allowed. On this subject the rule is elementary that all profits made or advantage gained by the agent in the execution of the agency, beyond his ordinary compensation, belong to the principal. It matters not how fair the conduct

of the agent may have been in the particular matter, "nor that the principal was not in fact injured by the intervention of the agent for his own benefit; the result is still the same." Mechem on Agency, sec. 469; Story on Agency, sec. 211; affirmed in *Murdoch v. Milner*, 84 Mo. *loc. cit.* 102, 103. Applying these rules of law to the facts in this record, the conclusion can not be avoided that the money paid to plaintiff's agents by the agent of the insurance companies for taking out policies in such companies on plaintiff's property, was a personal gain or advantage derived by plaintiff's agents from the execution of the agency, beyond the compensation allowed to them by plaintiff. This being so, the money in question belonged to her, and should have been turned over to her. The claim that plaintiff's agents received this money by virtue of their membership in the board of underwriters, is not sustained by the facts. Two things were necessary to secure this commission to plaintiff's agents; one was that they should be members of the board of underwriters; the other was that as *her agents* they should have the power to insure her property in the board company. Except for their agency in the latter respect, they could not have gotten any part of the commissions of the agent of the insurance company. This shows that it was the handling of plaintiff's property as her agents which was essential to the acquisition of the profit, thus bringing it within the strict definition of a profit derived by an agent in the execution of his agency. Such profits, as we have seen, belong to the principals, hence the position of appellant in this case is untenable.

The first error assigned by defendant-appellant relates to the refusal by the court of instructions to the

INSTRUCTIONS: evidence. effect that the check sent in defendant's letter after the presentation to it of the first bill for premiums paid by plaintiff, was taken in payment of that bill. The instructions on this point were rightfully refused. There is no substantial evidence supporting the theory on which they were drawn. The letter in question and the reply of plaintiff's agents is, to wit:

"St. Louis, Sept. 4th, 1896.
"*Rutledge & Kilpatrick Realty Co.:*

"Dear Sirs:—We enclose to you herewith $578 in payment of your bill to this company for insurance, this being the value for the same in first-class board companies; consequently we believe that this will be satisfactory to you. The last premium paid you for this was at the rate of 85 cents, so that an advance to a basis of 85 cents or 50% advance, as now paid, appears excessive. We mention to you, as we think that this important item has escaped your notice.

"Yours truly,
"Missouri Glass Company,
"W. Somerville, Pres."

"St. Louis, Sept. 5th, 1896.
"*Wm. Somerville, Esq.:*

"Dear Sir:—Yours of the 4th with check for $578 received. We do not understand how you base your figures, and must insist that you send us a statement of how you arrive at this amount, so that we can check up and see whether you or the insurance agent are in error. Please let us hear from you at once.

"Yours,
"Rutledge & Kilpatrick Realty Co.,
"Rober Rutledge, V. P."

It will be perceived that the reply in no way indicates that the proposition of the letter (if such it be)

to pay the bill referred to therein in full, by a check inclosed, was accepted. It is true, the check was cashed and entered upon the account against defendant on the books of plaintiff's agents, but the testimony shows without contradiction that the check was received at the office of plaintiff's agents by one of them, who had no personal knowledge of the matter to which it related, and that was only cashed by him pending an ascertainment of the basis upon which defendant figured it to be the correct amount. It appeared further from the correspondence that when the member of the firm of agents who had this insurance matter in charge returned to the city, he at once called defendant's attention to the incorrectness of the check, and demanded defendant's authority for claiming otherwise. It further appeared that defendant refused to give the names of any board companies who had offered it rates at the basis upon which the check was made out. In this state of the evidence there is clearly no ground for the contention of the defendant that the first bill of premiums, to wit, $680, was an overcharge, it being shown by all the evidence in the case that this sum was computed at the regular board rates. The defendant is therefore in no position to claim that it was paid in full when the check for $578 was transmitted to plaintiff's agents, and the court did not err in refusing the instructions predicated upon the theory that the collection of said check was a full payment of this bill. It is insisted by defendant-appellant that the judgment in any event could not exceed $263.50, after deducting from the amount claimed the commissions paid plaintiff's agents. The judgment was for $273.38. It is claimed that the difference can only be accounted for upon the supposition that the court added interest from the beginning of the suit. If this action had been brought in the circuit

ACCOUNT: justice's court: interest.

court, where it is necessary to claim interest upon an account in the petition, the point would be well taken; but it was begun before a justice of the peace, where the only pleading necessary was the filing of the account sued for. R. S. 1889, sec. 6138. As the bringing of the suit was a sufficient demand in law, the court was authorized to allow interest from that time to the rendition of the judgment. The result is that the judgment herein will be affirmed.

All concur.