OCTOBER TERM, 1897. 573

State to use v. Gold Spring Dist. Co.

STATE OF MISSOURI TO THE USE OF WILLIAM C. KESSLER, Respondent, v. THE GOLD SPRING DISTILLING COMPANY *et al.*, Appellants.

St. Louis Court of Appeals, December 21, 1897.

1. **Bond of Indemnity, Suit on, By Claimant of Attached Property:** PLEA: FRAUD: INSTRUCTION. In an action by the claimant of attached property on a bond of indemnity executed by the attaching creditor, where the defense was that the sale and transfer of the property, by the debtor, to the claimant, was fraudulent, the court did not err in instructing the jury to find for the relator for any property which the evidence showed was acquired by him from third parties, and not from the defendant in the attachment suit.

2. **Evidence:** INSTRUCTION. Where the evidence tended to prove that the sale to relator of the attached property was completed before the levy of the writ of attachment, and that it was made in good faith for the payment of the debts of the vendor, an instruction to the jury as to the *prima facie* effect of the evidence was not error.

3. **Penal Bond:** INTEREST. In a suit on a penal bond, by the express language of the statute (R. S. 1889, sec. 865) the judgment "shall be rendered for the sum really due * * * with interest and costs," the right to interest is taken out of the general rule applicable to suits on accounts, providing that when such suits are brought in the circuit court, the interest must be claimed in the petition, to entitle the plaintiff to recover it.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*Lubke & Muench* for appellants.

The statement in the third instruction given for relator that "the law presumes the sale and transfer of the property from Leonard Kessler to plaintiff to have been lawful," was erroneous. The transaction was out of the usual course of the business of Leonard

Kessler. Bump. on Fraud. Conv. [4. Ed.], sec. 63. See, also, *Hoffer v. Gladden*, 75 Ga. 537; *Frisk v. Reigleman*, 75 Wis. 504; *Van Ralte v. Harrington*, 101 Mo. 608; *Harrell v. Mitchell*, 61 Ala. 271; *State to use v. Mason*, 112 Mo. 375; *State ex rel. v. Purcell*, 131 *Id.* 312.

The first instruction given for relator was erroneous. R. S. 1889, sec. 5178; *Wright v. McCormack*, 67 Mo. 426; *Claflin v. Rosenberg*, 42 *Id.* 439.

The second and last instructions for relator were also erroneous in authorizing the jury to add interest to their finding. *Whipple v. Building Ass'n*, 55 Mo. App. 554; *Freymark v. Bread Co.*, *Id.* 435. See, also, R. S. 1889, sec. 5972; *Coquard v. Prendergast*, 47 Mo. App. 243.; *Wade v. R'y*, 78 Mo. 362; *Damhorst v. R'y*, 32 Mo. App. 350.

*Chester H. Krum* for respondent.

The instructions referred to in the third point made by appellants are strictly in accordance with the law of this state. *Shelley v. Boothe*, 73 Mo. 74; *Callihan v. Powers*, 133 *Id.* 484.

> Shrine of the mighty! can it be
> That this is all remains of thee?

No recovery of interest, of course, where the institution of the suit is a demand of interest, where it is the settled rule in this state that the prayer of the petition is nothing, and that one recovers what the facts show him to be entitled to. R. S. 1889, sec. 4, p. 2178; *Id.*, sec. 865.

Bond, J.—This is an action by the claimant of attached property upon a bond of indemnity executed by the attaching creditor. The defense was that the transfer and sale of the property to the claimant by

the debtor was fraudulent.   Upon the trial a verdict and judgment for $306 was rendered in favor of the relator, from which this appeal is taken.

Complaint is made of an instruction telling the jury to find for relator for any property which the evidence showed was acquired by him from INSTRUCTION.   third parties and not from the defendant in the attachment suit.   There was no error in this instruction.   The fact that the officer in charge of the attachment writ levied on property of the relator which was not derived from the defendant in the writ, does not deprive the relator from showing such facts and recovering the value of the property improperly seized in this action.   Nor is there any force in the objection made to another EVIDENCE: instruction. instruction, wherein the jury were told that the law indulges a presumption of the lawfulness of a sale apparently regular and formal in its execution.   There was evidence in this case tending to prove that the sale to relator of the attached property was completed before the levy of the writ of attachment, and that it was made in good faith for the payment of the debts of the vendor, hence the court did not err in instructing the jury as to the *prima facie* effect of this evidence.   Appellants suggest one or two other criticisms as to the instructions which appear to be so untenable that it is unnecessary to discuss them at length.   The instructions in this case taken together show that the issues were properly submitted.   That there was evidence warranting the finding, can not be disputed under the facts in this record.

The last point made by appellants relate to the award of interest.   This was not specifically demanded in the petition, but the petition in this PENAL bond: interest. case is for a recovery upon a penal bond. R. S. 1889, p. 2178, sec. 4.   In such cases

by the express language of the statute the judgment "shall be rendered for the sum really due * * * with interest and costs." R. S. 1889, sec. 865. This statute takes the right to recover interest in a proceeding like the present out of the general rule applicable to suits upon accounts, which is that when brought in the circuit court the interest must be claimed in the petition in order to entitle the plaintiff to recover it. The result is that the judgment herein is affirmed. All concur.