J. H. ZERBE, Respondent, v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, May 8, 1899.

1. **Deeds**: DELIVERY: ACKNOWLEDGMENT: TOWN PLAT. A town plat acknowledged and filed prior to the acknowledgment of a deed for the right of way on the same land antedating the plat takes precedence of the deed, since the presumption obtains that the deed was not delivered before acknowledgment, and before delivery it is not a deed.

2. **Set-off**: JUDGMENT AGAINST JUDGMENT: COSTS: STATUTE. Under section 8168, Revised Statutes 1889, a judgment for cost in favor of the defendant rendered by the appellate court on a writ of error may be set off against the judgment obtained by the plaintiff on a retrial.

3. ———: ———: CONTESTED JUDGMENT. Under the statute defendant may not set off a judgment in his favor against a judgment in plaintiff's favor, the finality and validity of which he still contests.

*Appeal from the Vernon Circuit Court.*—HON. D. P. STRATTON, Judge.

AFFIRMED.

GEO. P. B. JACKSON for appellant.

(1)   The court erred in excluding the deeds from Redfield and wife to the defendant. Regardless of the question of the effect of the deeds and the plat of the town of Deerfield, the deeds should have been admitted to establish the defendant's title and to afford a basis for the comparison of the rights claimed under the deeds and under the plat. (2) That the deeds were not recorded before the plat was makes no difference. There is no question of any one purchasing without notice of the prior conveyance of the right of way to the railroad company. The registry act is only intended for the protection of innocent purchasers. R. S. 1889, secs. 2419, 2420;

Black v. Gregg, 58 Mo. 565; Chandler v. Bailey, 89 Mo. 641; Bailey v. Winn, 101 Mo. 649. Moreover the defendant was in possession of the right of way, operating a railroad over the same when the plat of Deerfield was made. Therefore even if notice were a matter of any importance in this case, the possession of defendant gave the notice and dispensed with the recording of the deeds. Bartlett v. Glasscock, 4 Mo. 62; Beatie v. Butler, 21 Mo. 313; Davis v. Briscoe, 81 Mo. 27; Martin v. Jones, 72 Mo. 23. (3) The court erred in overruling defendant's motion to set off the judgment rendered in favor of defendant by this court on the former appeal. R. S. 1889, sec. 8168.

L. L. SCOTT for respondent.

(1) A plat of a town signed and acknowledged by the grantor and recorded, is a valid dedication of the streets therein contained to the public, and is a sufficient conveyance to vest the fee of such streets in the public under the statutes of 1865. G. S. Mo. 1865, ch. 44, p. 247; Buschmann v. St. Louis, 121 Mo. 523; Reid v. Board of Education, 73 Mo. 295. (2) A street once dedicated to the public, the grantor and those claiming under him are precluded from asserting any right or ownership inconsistent with the public use conferred by the dedication. Heitz v. St. Louis, 110 Mo. 618; Hannibal v. Heirs, 36 Mo. 332; R. S. 1889, sec. 6772; Brown v. Carthage, 128 Mo. 10; Meyer v. Railway, 35 Mo. 352. (3) No title passes from a grantor to a grantee until the delivery of the deed. Hammerslough v. Cheatham, 84 Mo. 13. (4) A deed bearing a different date from the date contained in the acknowledgment is presumed to have been delivered on the day as contained in the acknowledgment. Fountaine v. Sav. Inst., 57 Mo. 552; Hammerslough v. Cheatham, 84 Mo. 13.

ELLISON, J.—This action is for damages on account of the killing of a mule. The case was in this court prior to this.

70 Mo. App. 644. Judgment was again rendered for plaintiff and defendant again appeals.

Plaintiff's claim is that the mule was killed at a point where the railway crosses a public street in the town of Deerfield; defendant denies it and this is the principal controversy. The land was formerly owned by David Redfield and a plat of Deerfield made and recorded by Redfield was introduced in evidence showing there was a public street at the point where the mule was killed. The railroad tracks cross the street at this point. Plaintiff introduced evidence tending to show the street was used as such on both sides and across the tracks. Defendant's evidence tended to show that it was not. Defendant also offered to introduce a deed from Redfield which bore the date of March 27, 1871, conveying to defendant a right of way one hundred feet wide through the lands covered by the plat. The dedication by the plat was more than eight months subsequent to the date of this deed to defendant, viz.: December 19, 1871. The object in offering the deed of earlier date than the plat was to show that Redfield, having already conveyed to defendant, could not make a legal dedication of the street. But the deed was not acknowledged until long after the dedication by the plat, viz.: November 14, 1874. Therefore we must indulge the presumption that it was not delivered until that date, and before delivery it was no deed. Fountaine v. Sav. Inst., 57 Mo. 552; Hammerslough v. Cheatham, 84 Mo. 13, 20. The plat therefore took precedence of the deed and the latter was properly excluded by the court.

DEEDS: delivery: acknowledgment: town plat.

The action of the court in giving and refusing instructions is not open to criticism of defendant, since it got at the court's hands fully as much as the case justified.

When the cause was formerly before us, the judgment for plaintiff was reversed and the cause remanded. There

were costs adjudged against plaintiff at that
SET-OFF: judgment time, and defendant sought to set off the judg-
against judg-
ment: costs: ment for such costs against the present judg-
statute.
ment.   The trial court overruled the applica-
tion.   Defendant relies on section 8168, Revised Statutes
1889, reading as follows:   "Whenever any circuit court shall
render final judgment in causes in which the parties shall be
reversed, and shall sue and be sued in the same right and
capacity, such court may, whether such judgment be ren-
dered in the same court or not, if required by either party, set
off such judgment, the one against the other, and issue
execution in favor of the party to whom the balance may be
due, and credit such execution with the amount of such
set-off."

This case originated in a justice of the peace's court and it
seems to be conceded that the set-off could not be had under
section 6346 of the statute relating to justices of the peace,
since that section disallows any set-off not pleaded before the
justice.   So the question for determination is whether the
statute just set out is authority for defendant's position.   We
think it is.   It is true that the statute contemplates instances
where there have been separate actions between the parties,
where the plaintiff in one is defendant in the other and
each plaintiff has obtained a judgment against the other.
That was the case in this instance, and the judgment each
obtained was "in the same right and capacity."   Defendant's
judgment against plaintiff was had on a writ of error from this
court.   A writ of error was always regarded as a new suit in
which the party suing out the writ is plaintiff in error, and our
statute has not changed this.   Macklin v. Allenberg, 100 Mo.
337.   It may be begun at any time within three years after
the judgment, concerning which it is prosecuted, is rendered.

Plaintiff, however, makes the point that the statute con-
templates a case in which each party has a final judgment

against the other and in this he is right.     For the statute reads that the judgments must be "final judgment."   We interpret those words to mean such judgments as are submitted to as final by the parties to them.   When the defendant made its application of record for a set-off it thereby admitted the judgment against it.   A set-off is a cross debt.   It is "A mode of defense whereby the defendant acknowledges the justice of the plaintiff's demand on the one hand, but on the other sets up a demand of his own to counter balance it, either in whole or in part."   Waterman on Set-Off, 1, 2.   It admits the cause of action.   Jones v. Moore, 42 Mo. 413; Hay v. Short, 49 Mo. 139; 22 Am. and Eng. Ency. of Law, 211, 212.   It is in this sense that set-off is used in the statute under consideration. The face of the section shows, as urged by plaintiff's counsel, that it was intended to apply to judgments which have finally terminated the contests from which the judgments resulted. (We need not say whether it was such an acknowledgment of the judgment as to conclude defendant on appeal.)

So, therefore, when defendant attacked the judgment rendered against it, by filing motions for new trial and in arrest and thereafter prosecuting an appeal, it amounted to a withdrawal of the application for the set-off.   To hold otherwise would permit defendant to occupy wholly inconsistent positions.   It can not be permitted to urge a set-off to a judgment the finality and validity of which it contests.

The result is that we affirm the judgment.   All concur.

*——: ——: contested judgment.*