JAMES M. DYE, Respondent, v. GEORGE E. BOWLING, et al., Appellants.

### Kansas City Court of Appeals, February 5, 1900.

1. **Partnership: DISSOLUTION: CONTINUING TRUST: EQUITY.** An agreement of dissolution of a firm of lawyers provided that each should continue to prosecute the business he had brought to the firm, collect the fees and account to the other members therefor. *Held,* that this created a relation of agency, or, rather, an implied continuing trust, and that equity will compel an accounting at the suit of one of the parties.

2. ———: ———: ———: ———: **LIMITATIONS.** Where a partner is in ignorance of the amount collected by his former co-partner and the delay in the settlement of the partnership accounts has been acquiesced in and there has been no refusal to settle, the statute of limitations is not a bar to an action in equity for an accounting.

3. ———: ———: ———: ———: **LACHES.** The doctrine of laches does not apply in this case since that doctrine presupposes not only delay but such knowledge of facts on which the claim for relief is based as renders the delay culpable.

4. **Judgment: REMITTITUR.** The decrees examined and found erroneous in amount and remittitur ordered.

Appeal from the Barton Circuit court.—*Hon. D. P. Stratton,* Judge.

AFFIRMED SI.

*Thurman & Wray* for appellants.

(1) There are no allegations in the petition proven that entitle plaintiff to equitable relief. All the testimony con-

ceded the partnership was dissolved more than ten years be-
fore the filing of the petition. On plaintiff's own testimony
a settlement and accounting was had about the time of the
dissolution of the partnership. There being but one item,
suit at law was proper remedy. Equity will not lie. Bam-
brick v. Simms, 132 Mo. 48; Whetstone v. Shaw, 70 Mo.
577; Buckner v. Ries, 34 Mo. 357; Feurt v. Brown, 23 Mo.
App. 332; Hamilton v. Hamilton, 18 Pa. St. 20; Adam's
Equity, 241; 1 Story's Equity [12 Ed.], sec. 662, also note 1;
Callaway v. Woodward, 28 Mo. App. 320; Thias v. Siener,
103 Mo. 314; Gotcher v. Haefner, 107 Mo. 270. (2) This
claim as set forth in plaintiff's petition would have been
barred by the statute of limitation but for the fact alleged
in the petition that a partnership existed and plaintiff was
entitled to have it dissolved. R. S. 1889, sec. 6775; Johnson
v. Smith, Adm'r, 27 Mo. 591; State to use v. Willi, 46 Mo.
236; Perkins v. Cartmel, 4 Har. 270; Bispham v. Price, 15
How. 178; Barber v. Barber, 18 Ves. 286. (3) A court of
equity will not extend its remedial arm to those who have been
guilty of laches in asserting their claims, especially "when
time has impaired the recollection of the transaction and
obscured the memory of its details." Lunsford v. Lead Co.,
54 Mo. 429; Stevenson v. Saline County et al., 65 Mo. 425;
Burdett v. May, 100 Mo. 13; Rogers v. Brown et al., 61 Mo.
187; Goodson, Adm'r, v. Goodson, 140 Mo. 217; Johnston v.
Toulim, 52 Am. Dec. 220.

*Tucker & Moore* for respondent.

(1) This action is properly one in equity. Equitable
jurisdiction includes all actions of pecuniary recovery for the
settlement of all claims which may exist between the part-
ners themselves. Bender v. Markle, 37 Mo. App. 234, 241;
1 Pomeroy's Equity Jurisprudence, sec. 112, p. 96, and sec.
186, p. 176. (2) A suit in equity may be maintained in

all cases where a fiduciary relation exists between the parties, and a duty rests upon the defendant to render an account. Leeper v. Taylor, 111 Mo. 312-321. (3) The supreme court says: "We know no principle which declares that the statute of limitations begins to run against an action to adjust and settle partnership accounts from the time of its dissolution." Massey v. Tingle, 29 Mo. 438; Bender v. Markle, 37 Mo. App. 234, 242, 243, 244; Coudrey v. Gilliam, 60 Mo. 86-92; Hargadine v. Gibbons, 114 Mo. 561-565; 2 Lindley on Partnership [Am. Ed.], by Rapalje, star p. 573, side p. 958, n. 6. (4) And technical and continuing trusts are not cognizable at law, but fall within the peculiar and exclusive jurisdiction of courts of equity, and are not affected by the statute of limitations. Shortridge v. Harding, 34 Mo. App. 354-359; Burdett v. May, 100 Mo. 13-18; Johnson v. Smith, 27 Mo. 591-593; Dillon v. Bates, 39 Mo. 292-301; Rubey v. Barnett, 12 Mo. 3-8; Wood, Limitations of Actions, sec. 214; R. S. 1889, sec. 6775; 2 Story's Equity, sec. 1521a; Hunter v. Hunter, 50 Mo. 445-452; Thomas v. Mathews, 51 Mo. 107; Ricords v. Watkins, 56 Mo. 553-555; Bispham's Equity, sec. 203 et seq.; 2 Clement & Bates Partnership, secs. 944, 947; Chouteau v. Barlow, 110 U. S. 238. (5) · As to the charge of laches, appellant's own authority shows it only properly applies when the party to be charged therewith has "full knowledge of all the facts on which he relies." This plaintiff did not have. Goodson v. Goodson, 140 Mo. 206; Butler v. Lawson, 72 Mo. 227-249; Moreman v. Talbott, 55 Mo. 392-397. (6) The delay of Bowling to pay plaintiff his share of this fee, which it was his trust duty to do, might with equal propriety be called laches, if not something stronger, and estop him from asserting laches on plaintiff's part. This charge comes with ill grace from these defendants. Cannon v. Sanford, 20 Mo. App. 590; Bender v. Markle, *supra*, 243; 2 Greenleaf on Ev. [14 Ed.], sec. 448; Smith v. Newby, 13 Mo. 159;

Pike v. Martindale, 91 Mo. 268-285; Chouteau v. Barlow, 110 U. S. 238.

SMITH, P. J.—This is a suit in equity. The petition prayed for a dissolution of a partnership and for an accounting, etc. There was a trial by the court resulting in a decree for plaintiff, and the defendants appealed.

It is disclosed by the testimony that in November, 1886, the plaintiff and defendants, who were lawyers, entered into an unlimited partnership for the practice of their profession. The net income of the partnership business was to be equally divided between the three partners. In July, 1887, by mutual consent the partnership was dissolved.

It was a part of the dissolution agreement that each member of the dissolved partnership should give the required attention to such business of the partnership as he had brought to it and remaining undisposed of at the time of the dissolution, collect the fees therefor and charge himself therewith on the partnership books of account, and that the fees so received should be divided equally between such partners. It appears from the undisputed evidence that at the time of the dissolution there was pending in one of the courts a partition suit, referred to by the witnesses as the "Buckwalter case," which was disposed of by defendant Bowling some months after the dissolution and in which there was a fee of $400 paid him.

The plaintiff collected something like fifteen or twenty dollars on account of the old business after the dissolution, but beyond that and the fee collected by defendant Bowling nothing seems to have been collected by either of the partners. It appears that the first knowledge that the plaintiff had of the collection of the Buckwalter fee by Bowling was obtained from defendant Robinson in 1891, but the amount of such fee was not learned until disclosed by the evidence of Bowling at the trial. While it is conceded by defendants that

Bowling collected the Buckwalter fee, they do not concede that the plaintiff is entitled to have them account for one-third thereof to him. They say in their testimony that if the plaintiff was entitled to one-third of such fee that it was paid to him. This is hardly candid. It is neither an admission that plaintiff was entitled to one-third of such fee nor an assertion that a payment thereof had been made by them, or either of them, to plaintiff. As it appears that this was the only fee collected after the dissolution in which plaintiff had an interest, it is singular that if the defendants paid plaintiff his part of it that they did not recollect the time, when or place where made, or some circumstance attending it. A consideration of all the testimony has convinced us that the defendants, nor either of them, have accounted to plaintiff for the one-third of the Buckwalter fee which was collected by Bowling as they ought to have done.

The question now is, can the defendants be required to come into an accounting with the plaintiff in a court of equity. The relation created between plaintiff and defendants, under the agreement of dissolution already referred to, was that of agency, or rather, that of an implied continuing trust. The agreement contemplated a subsequent accounting and settlement between plaintiff and defendants in respect to the matters to which it related. There never was any such accounting and settlement. The plaintiff did not know, nor had he any means of knowing what fees or the amounts thereof had been collected by defendants under the agreement of dissolution. The books of account of the partnership in which, under the agreement, the collections made by each partner were to be entered, were lost or destroyed while in possession of defendants, so that plaintiff could get no information from that source. The plaintiff having discovered that the Buckwalter case had been disposed of on the record of the court where pending, inquired of one of the defendants what fee had been paid in the case? And he at one time

answered that he did not know and at another that he thought it was fifty dollars. · The plaintiff testified that he learned from some other source—what, he did not testify—that the Buckwalter fee was five hundred dollars.

Defendant Bowling testified that not long before the institution of this suit, in a heated and, perhaps, angry discussion between plaintiff and himself (Bowling), the plaintiff told him that if he would pay him his share of the Buckwalter fee that he could pay his rent, and thereupon he (Bowling) remarked that he (plaintiff) ought "to have sued a long time ago." Under these conditions. it seems clear to us that there was a duty resting on the defendants to render an account, and that a suit in equity can be maintained to compel the performance of that duty. Denver v. Roane, 99 U. S. 355; Leeper v. Taylor, 111 Mo. 312; Bender v. Markle, 37 Mo. App. 234; Pomeroy's Equity Jurisprudence, secs. 112, 186.

After the dissolution agreement was entered into there was no settlement of the accounts of the partnership thereunder, and no balance ascertained, and therefore no action at law could be maintained by plaintiff against the defendants for any unascertained balance claimed by him.

Nor do we think the application of the five years' statute of limitation can be invoked to defeat the plaintiff's right to an accounting. The statute did not run against the action for an accounting from the time of the making of the dissolution agreement. That agreement clothed each partner with authority thereafter to collect the unsettled accounts of the partnership, and imposed upon them the implied duty to subsequently account for and settle with each other in respect thereto. Where the facts are all ascertained by the court it becomes its province to declare whether the action for the accounting is barred. Massey v. Tingle, 29 Mo. 437.

The liabilities of the partnership had all been discharged at the time of the dissolution. The partnership was ended

as to everything except as to the debts due and to become due
to it. The agency of the partners to collect the outstandings
according to the dissolution agreement, was continuing. The
relation between the partners though a continuing trust was
not an express technical trust, but, rather, as already stated,
a continuing implied trust. As long as there were partner-
ship debts to be collected, the statute did not begin to run as to
the account between the partnership and any of its members;
and the agency or trusteeship of the several partners would
continue so as to prevent the statute from running until such
agency or trusteeship was renounced on the one side or not
recognized on the other. The delay in the settlement of the
partnership accounts seems to have been consented to, or, at
least, acquiesced in by all the partners. There was no re-
fusal to settle until shortly before this action was commenced.
Under such facts and circumstances the statute of limitations
was no bar. Bender v. Markle, *ante*; Coudrey v. Gilliam, 60
Mo. 86; Hammond v. Hammond, 20 Ga. 556.

Nor can the contention of the defendants that the delay
of the plaintiff in instituting proceedings for relief constitute
laches chargeable to the latter, be upheld, for the reason that
laches presupposes not only delay in the institution of the
proceedings for relief but such knowledge of facts on which
the claim for relief is based as renders the delay culpable.
Butler v. Lawson, 72 Mo. 227; Goodson v. Goodson, 140 Mo.
206; Moreman v. Talbott, 55 Mo. 392. If the fact that the
Buckwalter fee had been collected by defendant Bowling was
not concealed from the plaintiff the amount thereof was. It
is quite certain that the plaintiff did not acquire full knowl-
edge of the facts on which he relied for relief until a short
time before this action was brought..

The decree was for $186.15. This the defendants in-
sist was not authorized by the testimony. The amount col-
lected by defendants was $400—one-third of this would be

VOL. 82 app—38

$133.33. The amount decreed was manifestly in excess of that authorized by the testimony, unless the court allowed interest. If interest was chargeable, it could not be allowed plaintiff for the reason that it was not prayed for by the petition. Hill on Trustees, p. 819; Weymouth v. Boyes, 1 Vesey Jun., 426; Brune v. Pendleton, 12 Vesey, 391; Girvin v. Refrigerator Co., 66 Mo. App. 315; State v. Gold Spring Co., 72 Mo. App. 573.

It results from what has just been said that the decree is erroneous as to the amount found for plaintiff. If the plaintiff will, within ten days hence, file a remittitur as to the difference between $133.33 and $186.15, the decree will be affirmed; otherwise, reversed and cause remanded. All concur.