PATRICK MORLEY, Respondent, v. THE CITY OF ST. JOSEPH, Appellant.

Kansas City Court of Appeals, May 22, 1905.

1. **CONTRACTS: Repairs: Insurer.** A sewer contract between a contractor and a city is construed to mean that the contractor was required to make good any imperfect work whenever discovered before acceptance or within six months thereafter and did not make him an insurer.

2. ――――: **Construction: Pleading: Change of Theory: Instruction.** A contractor sued a city to recover the portion of the contract price retained by the city for repairs. In its answer the city pleaded that the work was imperfect and the contractor failed to repair on proper notice and the city had been compelled to spend the money in making the repairs. *Held*, this was an interpretation of the contract and precluded the city from raising another and different issue on its instructions.

3. ――――: **Interest: Pleading.** Interest is allowed for all moneys after they become due, but it cannot be allowed unless prayed for in the petition.

Appeal from Buchanan Circuit Court.—*Hon. Henry M. Ramey,* Judge.

AFFIRMED, *si.*

*James M. Wilson*, City Counselor, and *G. L. Zwick*, Assistant City Counselor, for appellant.

(1) The court erred in instructing the jury that before the six hundred dollars could be used for repairing the sewer they must believe that it fell in by reason of imperfect work. Under the terms of the contract, ten per cent of the contract price (six hundred dollars) was retained for the purpose of making necessary repairs within six months after the completion of the sewer. Upon the expiration of said period, provided the work should remain in good order, the plaintiff was entitled to receive the sum retained, or such part as might remain after making said repairs. The plaintiff thus became an insurer of the work, and by his contract was required to keep the sewer in good repair for the said period of six months. The fact that the city engineer accepted the work did not relieve the plaintiff of the burden required in his contract. Spink v. Mueller, 77 Mo. App. 85; 2 Am. & Eng. Ency. Law, 820. (2) Neither could the fact that the sewer was used by the city and water allowed to flow through it be such an acceptance as would obviate the necessity of a compliance by plaintiff with the plain terms of the contract. Globe L. & H. Co. v. Doud, 47 Mo. App. 439; Mohney v. Reed, 40 Mo. App. 112; Lumber Co. v. Kuhling, 83 S. W. 634. (3) The verdict was excessive. The amount withheld on the contract was six hundred dollars and no more, but under the court's instructions the jury added interest to above sum, although no interest was claimed in plaintiff's petition. 11 Ency. Pl. & Pr., 436; Shockley v. Fisher, 22 Mo. App. 551; Van Riper v. Morton, 61 Mo. App. 440.

*Vinton Pike* for respondent.

(1) The defendant, by its answer, gave to the contract the same construction insisted upon by plaintiff. (2) Interest is recoverable without express promise to

pay it in the following instances: Benton v. Craig, 2 Mo. 198; Padley v. Catterlin, 64 Mo. App. 648; York v. Bank, 105 Mo. App. 139. The money is due and payable by written contract. It was wrongfully and vexatiously delayed. Young v. Goodbe, 15 Wall 562. It was sufficient to set out the obligation or facts creating the liability without expressly claiming interest. Shockley v. Fisher, 21 Mo. App. 557.

BROADDUS, P. J.—In 1901 the defendant city by its common council passed an ordinance authorizing the extension of a certain city sewer "as far as the sum of six thousand dollars will pay for the same." Plaintiff secured the contract for the construction of the work. There was a provision in the contract that "the second party (the city of St. Joseph) is hereby authorized to retain out of the moneys payable to the first party under this contract the sum of ten per cent of the whole amount of the contract, and to expend the same in making such repairs as may become necessary in the manner herein provided." And it also further provided: "And if at any time within six months after the completion and acceptance of the work herein contracted for, the said work or the carriage way on the line thereof, shall in the judgment of the city engineer require to be repaired, the said city engineer shall notify the said party of the first part to make the repairs required. And if the said first party shall neglect to make such repairs within three days from the date of service of such notice, then the city engineer shall have the right to cause such repairs to be made, in such manner as he shall deem best, and the whole cost thereof, both for labor and materials, shall be paid out of the ten per cent retained for that purpose, as before mentioned." Another clause of the contract reads as follows: "No work will be considered as accepted which may be deficient in any of the requirements of these specifications, in consequence of the neglect of any en-

gineer or inspector to point out such defects during construction, and the contractor shall be required to make good any imperfect work whenever discovered, before final completion of the work, or within six months thereafter."

After the expiration of six months from the time the work was completed the plaintiff brought suit for the said ten per cent so retained by defendant under the contract. The defense is made on the ground that by reason of the imperfect work in the construction of the sewer the same caved or fell in within six months from the time of its completion; that plaintiff failed to repair it on proper notice, as under his contract he was compelled to do; and defendant was compelled to make the necessary repairs at a cost exceeding the said sum of ten per cent on the contract price of the work. The defendant introduced evidence tending to show that the work was not properly done, but was built upon a mud foundation, and that the mortar used in the construction was allowed to freeze before becoming set, all of which weakened the walls of the sewer, and caused it to cave or fall in. The evidence of plaintiff tended to show that the sewer was properly constructed, and its collapse was caused by unequal filling around it; that after he had finished filling dirt around it, the Chicago, Great Western Railway Company filled dirt around it on the west side exclusively, and also piled railing on top of it, which had the effect to cause it to cave or fall in.

The finding and judgment were for the plaintiff from which defendant appealed. Defendant complains of errors of the court in giving and refusing instructions. The defendant asked an instruction, the purport of which was: If the sewer was in a condition requiring repairs within six months after its completion, and plaintiff, after notice, failed to make such repairs, and that defendant made the same at a cost exceeding the amount sued for, the finding should be for the city. The

court refused the instruction as asked and gave it after amending it substantially, as follows: That if the defects in the sewer arose from defective work or construction, rendering repairs necessary within six months after its completion, etc., then plaintiff was not entitled to recover. And the court gave one at the instance of plaintiff in substance that, if the defects in the sewer were not the result of imperfect work or defective construction, the cost of said repairs were not chargeable to him, and their verdict should be in his favor.

We cannot see in what respect the instructions given by the court were improper in view of the issue raised by the defendant's answer, viz: That the repairs were rendered necessary by reason of defects in the construction of the sewer. The precise defense is, that the sewer caved or fell in by reason of such defects. The contention is that, the plaintiff became an insurer of the work, and by his contract he was required to keep the sewer in good condition for the period of six months after its completion. But we find nothing in the contract that warrants such a construction. On the contrary, it provides that the plaintiff was only "required to make good any imperfect work whenever discovered, before the final acceptance of the work, or within six months thereafter." It was for imperfect work that plaintiff was required to make good, and not for defects in the sewer arising from other causes after its completion.

The defendant by its answer gave the contract the same construction entertained by the court. The case was tried upon the issue raised by defendant that the construction of the sewer was faulty. After having made the issue and introduced evidence to meet it defendant seeks to raise another and different issue on the instructions. It is hardly necessary to cite authorities or offer argument to prove that defendant is in error in that respect.

The jury returned a verdict for $654. The amount claimed in the petition is $600. The $54 excess was allowed for interest. By section 3705, Revised Statutes 1899, interest is allowed "for all moneys after they become due and payable," etc. Under this section plaintiff was entitled to interest on his demand. But the appellate courts of the State hold that interest will not be allowed unless it is prayed for in the petition. [Sweem v. Railway, 85 Mo. App. l. c. 96; Dye v. Bowling, 82 Mo. App. 587; State ex rel. v. Gold Springs, 72 Mo. App. 573; Patterson v. Glass Co., 72 Mo. App. 492.] If, however, the plaintiff will enter a remittitur for the $54 allowed for interest within ten days the cause will stand affirmed. Otherwise, it will stand reversed and remanded. All concur.